

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 02-5141
(C.A. No. 99-1860)

MARVIN FELDER, et al.,                               Appellants,

v.

ANN M. VENEMAN,                                       Appellee.

### APPELLEE'S REPLY TO APPELLANTS' OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

Appellee moved for summary affirmance of the Opinions and Orders of the Honorable Gladys Kessler, filed February 4, 2002, denying in part appellants' motion for equitable relief, and April 2, 2002, granting appellee's motion for reconsideration. Appellants have opposed appellee's motion, arguing that the District Court erred in denying them certain equitable relief sought. With their opposition, appellants attempt to introduce new evidence, submitted neither at trial nor to the District Court, to support their claims. That effort is clearly inconsistent with settled precedent of this Court.

As demonstrated below and in appellee's motion for summary affirmance, appellants have failed to show that the District Court abused its discretion in deciding appellants' claims for equitable relief, and thus the District Court's decision on this issue should be summarily affirmed.



I.

I. **The District Court Properly Disposed of Appellants' Request for Equitable Relief.**[1]

　　A. **Appellants' Claim That They Are Entitled To Lost Wages, Raised For The First Time On Appeal, Should Be Rejected.**

Relying on this Court's decision in Barbour v. Merrill, 48 F.3d 1270, 1278 (1995), appellants argue that the District Court should grant equitable relief to make a victim of discrimination as whole as possible. Appellants' Opp. at 3. Appellee does not dispute this principle, but as a threshold matter it was encumbent upon appellants, as the moving parties, properly to request the equitable relief sought and to submit evidence to the District Court to establish what "make-whole relief" would entail. Id. at 1278 ("the plaintiff bears the initial burden of establishing the value of the lost salary and benefits"). Significantly, appellants make no attempt on appeal to demonstrate that they requested from the District Court any lost back pay in the form of wages. Instead, they simply state that if they are allowed full briefing before this Court, they "will

---

[1] In the motion for summary affirmance, appellee stated that, in light of the instatement to IS ordered by the District Court and the Court's discussion of retroactivity (R. 96 at Order, p. 2), appellee does not contest that appellants' instatement to IS should be made retroactive to the date on which appellants could have first been hired into an IS position at their respective levels. Appellants respond by claiming appellee has conceded that the date is 1997. Appellants' Opp. at 2. To the contrary, appellee is still in the process of determining the appropriate date. Thus, although there is no dispute on this issue presently, final resolution depends on when the first two vacancies in IS occurred that appellants could have been placed in.

establish" that meaningful back pay would include "salary enhancements, with interest." Appellants' Opp. at 3. Appellants' effort to get another bite at the apple to garner additional equitable relief should be rejected.

In appellee's motion for summary affirmance, appellees stated that "[a]ppellants conceded in their post-trial motion requesting equitable relief that they had lost no 'base salary' as a result of their nonselections to IS." Appellee's Mot. at 6 (citing appellants' brief in the District Court, found at R.71 at 4). Significantly, appellants offer no response to this statement of fact. As this Court articulated in Taylor v. FDIC, 132 F.3d 753, 763 (D.C. Cir. 1997), "[d]ignified silence is a dangerous tactic at best; here it proves fatal." Appellants make no effort to demonstrate that they asked the District Court for any adjustment to their base salary because they did not. This is fatal to their claim before this Court.

This Court held in United States v. Caicedo-Llanos, 960 F.2d 158, 162 (D.C. Cir. 1992), that "'[a]n appellate court does not give consideration to issues not raised below,' as litigants ought not to be 'surprised on appeal by final decision there of issues upon which they ha[d] no opportunity to introduce evidence.' Hormel v. Helvering, 312 U.S. 552 (1941)." This is a classic case for application of this principle. Appellants seek to introduce evidence for the first time on appeal, concerning a matter of equitable relief which they failed to seek before the District Court.

3

Had appellants attempted to raise such an argument in District Court, appellee would have addressed it and provided evidence to show that appellants were entitled to no lost back wages. For example, appellants claim that appellant Simmons was a GS-14, Step 5 at the time he applied for a position in IS and that the base pay for a comparable IS position of FP-4, step 3 would have been at a slightly higher rate. Appellants' Opp. at 4. Appellants, however, cite no evidence that they in fact would have been placed at those FP step levels cited. Indeed, as they admit, the transfers they sought were "transfer[s] without a promotion or general change in base-salary level." Appellants' Opp. at 4. No evidence was submitted, nor do appellants cite any, that IS would have had to place appellants in specific FP "pay brackets." Appellants' Opp. at 5.

As is evident, this issue is fact-specific and requires a proper evidentiary base in District Court for resolution. Appellants had three opportunities to make such a showing: at trial, in their post-trial motion for equitable relief, and in their opposition to appellee's motion for reconsideration of the District Court's initial award of back pay. Yet they were silent on all three occasions. Their time plainly has passed for seeking equitable relief in the form of lost wages, and they waived their right to pursue such a claim when they affirmatively told the District Court that they had lost no base salary.

4

Appellants claim that absent a reversal of the District Court's decision on back pay, "IS could . . . conceivable simply freeze Appellants in their initial IS positions, at their same grades, steps, and base pay, from the moment of their retroactive instatements through the effective date" of their placement in IS following the verdict in their favor. Appellants' Opp. at 6. Appellants point to no evidence to support their speculation. Appellee is certainly mindful of this Court's decision in Barbour and adheres to its principles. Arguing that appellee might take certain action, with no foundation for the argument, is hardly a basis for allowing appellants to raise a new argument and submit new evidence for the first time on appeal.

    B.    The District Court Properly Denied The Allowances and Benefits Requested.

        1.  Housing and Subsistence Allowances

Appellants claim that unrebutted testimony at trial showed that IS employees living overseas received housing and subsistence allowances in amounts that varied depending upon where the employee lived. Appellants' Opp. at 8-10. This claim misses the point. In the motion for summary affirmance, appellee explained that appellants had conceded that to the extent IS provides free housing or a housing allowance for IS employees, it does not consist of money that goes "directly into the pocket of the employee. . . ." (R. 71 at 5; id. at 86, Skaggs Tes. at 71). Appellants' opposition does not dispute this. Id. at 8. The same is true for subsistence allowances (R. 86, Strong Tes. at 14). Thus, the fact that Mr. Strong testified as to an average

5

amount of the housing and subsistence allowance provided on behalf of IS employees actually living overseas is irrelevant. The proper question is whether the District Court abused its discretion in finding that such allowances were in the form of a type of reimbursement, and that because appellants had not lived overseas they were not entitled to such monies. (R. 96 at 11).

The heart of appellants' claims in this regard is that they are entitled to these allowances regardless of whether any housing or subsistence expenses were incurred by them. Appellants point to no evidence to support their claim for a windfall. Why they believe that they should receive money for housing and utilities that were never used by them remains a mystery. There certainly is no support in law or fact for such a claim.

Appellants' reliance on Greco v. Department of the Army, 30 M.S.P.R. 288 (1986), misses the mark. In that case an employee living in a foreign country who was required to vacate his free government quarters due to an unjustified personnel action was found entitled to a living quarters allowance after he began to incur housing expenses. Id. at 290. By contrast here, appellants were never living in housing paid for by the government nor did any action by appellee suddenly cause them to incur housing expenses that they were not already incurring.

The District Court clearly did not abuse its discretion in deciding that appellants were not entitled to money given to IS employees living abroad to defray expenses from living abroad, as

6

appellants never lived abroad or incurred such expenses.

### 2. The District Court Properly Denied Home and Sick Leave.

Appellants claim that the District Court erred by denying them "home leave," which consists of two weeks of additional paid vacation, arguing that "home leave is just like vacation or annual leave." Appellants' Opp. at 11. Significantly, appellants cite no authority for this claim. Nor do they respond to appellee's showing that in the District Court they conceded that the leave is given to IS employees so they can "return to the United States." Appellee's Mot. at 9( citing R. 71 at 8). Even appellants' improper evidence before this Court supports this claim. See Appellants' App. F, p. 2 (definition of "home leave"). Thus, the District Court correctly denied appellants' request for home leave.

Appellant Simmons claims that the District Court abused its discretion in denying him 750 hours of sick leave that he claims he took as a result of the discrimination and retaliation alleged and found by the jury. No evidence supports this claim. Simmons in effect concedes that he failed to submit evidence as to the number of hours claimed as sick leave, as he merely vaguely states that he was "forced to spend considerable time away from work." Appellants' Opp. at 11.

Similarly, contrary to Simmons' claim, no evidence was submitted to support that the sick leave taken was "a direct result of the physical and emotional trauma brought about by the

Agency's acts of discrimination." Appellants' Opp. at 12. The testimony Simmons points to, attached to appellants' opposition, certainly makes no such claim. Rather, Mr. Simmons testified that his need for sick leave began when "we had some problems in California and I started thinking about my job . . . ." Appellants' Opp., App. I at p. 49. The incident in California consisted of the murder of agency employees in positions comparable to that of Mr. Simmons. (R. 83 at pp. 25-27.) Thus, the District Court properly found that Simmons provided no evidence to support his claim that he took sick leave based on any acts of discrimination.

The District Court acted well within its discretion when it denied recovery of the home and sick leave sought.

### III.

WHEREFORE, appellee respectfully submits that the February 4, 2002, and April 2, 2002 Opinion and Orders of the District Court should be summarily affirmed.

_____
ROSCOE C. HOWARD, JR.
United States Attorney

_____
R. CRAIG LAWRENCE
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that the accompanying Appellee's Reply to Appellants' Opposition to Appellee's Motion for Summary Affirmance was served upon appellants by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

> Kim D. Mann, Esq.
> Scopelitis, Garvin, Light & Hanson, P.C.
> 1850 M Street, N.W. - Suite 280
> Washington, D.C. 20036-5803

on this __1st__ day of August, 2002.

MARINA UTGOFF BRASWELL
Assistant United States Attorney
Judiciary Center Building -- Rm. 10-413
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-7226