# United States Court of Appeals

For The District of Columbia Circuit

No. 02-5141            September Term, 2002

99cv01860

Filed On: September 11, 2002

[701436]

Marvin Felder, an individual and Alester Van Simmons,
an individual,
       Appellants

v.

Ann M. Veneman, Secretary, United States Department
of Agriculture,
       Appellee

**BEFORE:**    Edwards, Rogers, and Tatel, Circuit Judges

### ORDER

    Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

    **ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C. Cir. 1980) (per curiam).

    The district court properly denied appellants' requests for an award of housing and subsistence allowances because the appellants failed to introduce evidence showing both are benefits International Services unit employees automatically receive rather than reimbursement for specific costs associated with living overseas. Cf. Barbour v. Merrill, 48 F.3d 1270, 1278 (D.C. Cir. 1995) (affirming denial of request for car allowance because plaintiff failed to introduce evidence clarifying whether allowance was regular part of executive compensation package, and whether plaintiff would have received it). As to the request for home leave, the district court did not err in denying it based on testimony that such leave is designed to allow employees stationed overseas to "travel from the post to their permanent residence" – leave that appellants, who were never stationed overseas, did not require. Similarly, the district court did not abuse its discretion in denying Simmons' request to restore 750 hours of sick leave because the request lacks evidentiary support.

    Having denied the housing and subsistence allowances, which were the sole targets of appellants' back- and frontpay claims, the district court properly granted the



# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 02-5141 September Term, 2002

appellee's motion for reconsideration and denied the back- and frontpay claims themselves as well. Appellants stated in their motion for equitable relief that the basis for those claims was the denial of "substantial [fringe] benefits," which they identified as the housing and subsistence allowances. Nevertheless, for the first time on appeal, appellants attempt to recast their back- and frontpay claims as seeking, not only housing and subsistence allowances, but also lost wages. Because the appellants never made this argument before the district court, the court will not consider it. See District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1078-79 (D.C. Cir. 1984).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**