

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Estate of Marvin Felder,[1]
Complainant,

v.

Mike Johanns,
Secretary,
Department of Agriculture,
Agency.

Appeal No. 01A55230

Agency No. 040173
Hearing No. 100-2005-0031X

DECISION

Complainant filed a timely appeal with this Commission from the agency's final order, dated July 1, 2005, regarding the dismissal of his formal EEO complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*

The record indicates that complainant and another employee (employee A), filed a civil action against the agency in United States District Court, District of Columbia (Civil Action No. 99-1860 (GK). Therein, complainant and employee A contested their non-selection for positions in the agency's International Services (IS) unit of the Animal and Plant Health Inspection Service (APHIS), based on race and in reprisal for prior protected activity. After a trial, a jury issued a verdict in favor of complainant and employee A.

In a decision dated February 4, 2002, the District Court Judge (DCJ) ordered the agency, among other things, to place complainant and employee A into the first opening/vacancy in IS, retroactive to the date that the agency first filled positions in IS, after IS created the roster containing their names. The parties later agreed that the placement date should be retroactive to February 14, 1997. The agency implemented the ordered relief with both complainant and

---

[1]The record reflects that complainant died on March 11, 2005.

employee A receiving the first available positions in IS retroactive to February 14, 1997.

In the instant formal complaint dated December 16, 2003, complainant claimed that he was a victim of unlawful employment discrimination on the bases of race, color and in reprisal for prior EEO activity.

On April 9, 2004, the agency accepted complainant's complaint for investigation. In its acceptance letter, the agency determined that the instant complaint was comprised of the claim that complainant was discriminated against by the agency when it failed to:

1.    Instate him at the [Foreign Pay] FP-1 level before his transfer [from APHIS to IS] on January 5, 2004; and

2.    Grant him step increases retroactive with the instatement.

The record indicates that after the agency investigated the instant complaint, complainant requested a hearing before an EEOC Administrative Judge (AJ), and on January 9, 2005 an AJ was assigned to preside over the case. On March 4, 2005, the agency filed a motion with the AJ to dismiss complainant's complaint as a collateral attack on the District Court's Order. On June 10, 2005, after complainant filed in opposition, the AJ dismissed the complaint pursuant to 29 C.F.R. § 1614.107(a)(1). In his decision, the AJ found that "the gist of the [complaint] is the Agency's implementation of the relief ordered by [the DCJ]." The AJ therefore determined that the complaint was a collateral attack on the DCJ's Orders, and that the proper forum was before the DCJ, as the Commission did not have jurisdiction.

The agency's final order, dated July 1, 2005, implemented the AJ's decision to dismiss the complaint pursuant to 29 C.F.R. § 1614.107(a)(1).

On appeal, complainant states that the agency, in full compliance with the DCJ's Order, deemed both complainant and employee A to have first begun their employment at IS on February 14, 1997, at the same functionally equivalent FP level (in terms of grade and salary) as they had occupied and were receiving on that date [in the GS system] while employed with APHIS prior to the transfer.[2] However, the agency informed employee A that it was providing him a retroactive "paper promotion" between February 14, 1997 and the September 21, 2003 date he reported for work at IS. Complainant claims that, in contrast, the agency declined to provide complainant a similar "paper promotion" between February 14, 1997 and the January 5, 2004 date he started at IS.

Complainant clarifies that his complaint asserts discrimination in connection with the agency's failure to treat him the same as it treated employee A by promoting employee A and declining to

_____

[2]For complainant, this was at the GS-14 level, or FP-2.

promote him. Moreover, complainant asserts that his "current EEO complaint does not contend or even suggest the agency's instatement of [complainant] violates [the DCJ's] orders or that those court orders are somehow legally inadequate, unsatisfactory, or otherwise legally deficient." Complainant adds that he concedes that the DCJ's Orders do not require or suggest the agency had to promote complainant, and that "those orders left the agency free to do whatever it wanted." Complainant further contends that the DCJ's Orders had nothing to do with the agency conduct at the heart of the complaint, and that he could not have appealed the post-instatement treatment to the DCJ "even if he wanted to." Finally, complainant avers that to characterize his EEO complaint as a collateral attack "is to misrepresent the fundamental nature of the complaint and what transpired in the lead-up to its filing."

In response, the agency asserts that the AJ correctly interpreted the law and the facts, and that the complaint was a collateral attack on whether the agency properly implemented court ordered relief.[3] The agency claims that, contrary to complainant's contention, complainant's complaint does require an interpretation of the DCJ's orders, and is exactly what is at issue. The agency claims that complainant is seeking, through the EEO process, relief he believes should have received from the agency as a result of the District Court litigation. The agency concludes that complainant is "essentially alleging that the Agency implemented [the DCJ's] orders incorrectly," and that, as found by the AJ, the matter "should be brought to the attention of [the DCJ] to decide whether the agency complied with the orders."

The Commission notes that in complainant's EEO Counselor's report, the EEO Counselor states complainant's claim as being that "he did not receive equal treatment (promotion upon entry into Foreign Service) as a fellow PPQ officer who was also ordered by the courts a Foreign Service position that was to be retroactive to 1997." We further note that, in complainant's opposition to the agency's motion to dismiss below, complainant stated his "position" as being that the agency discriminated against him "when instating him in IS in compliance with the District Court's ordered relief." Complainant added that he "does not contend his instatement itself violates the Judge's orders or the Judge's orders were somehow inadequate or otherwise deficient."

Upon review of the record, we find that complainant's complaint was improperly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1), and we reverse the agency's final order and remand the complaint to the agency to request a hearing. The record indicates that the DCJ's order required the agency to instate complainant and employee A to the first opening or vacancy available retroactive to the agreed upon effective date of February 14, 1997. The DCJ's orders are silent, however, with regard to any action the agency was to take beyond the effective date of instatement

---

[3]The agency also requests dismissal of the appeal based on incorrect service of the appeal notice on the agency. We find, however, without specifically addressing the parties' arguments on the matter, that complainant's appeal was timely filed with the Commission and that the agency was not prejudiced by any delay it may have experienced in receiving notice of the appeal.

4                                    01A55230

for either employee, and do not order any specific grade or pay level, or effective promotion, from the employees previous GS grade and pay. The record shows that complainant, from the beginning of the complaint and throughout, has asserted that it was not the agency's actions in implementing the DCJ's Orders to instate him that was discriminatory, but the agency's own independent actions that went beyond the Orders' requirements by promoting employee A and not complainant. Moreover, simply because the agency effectively combined the implementation of the court ordered instatement with its own decisions and actions concerning promotions for complainant and employee A, does not make those decisions and actions an extension of the District Court's ordered relief, or insulate them from Title VII scrutiny by the Commission. Accordingly, we find that the AJ incorrectly determined that the instant complaint was a collateral attack on the DCJ's orders, and that the Commission has no jurisdiction over the matter. Therefore, the agency's adoption of the AJ's dismissal was improper and we return the matter to the agency to request a hearing on the merits of the complaint.

The agency's decision is **VACATED** and we **REMAND** the complaint to the agency for further processing in accordance with this decision and **ORDER** herein.

## ORDER

Within 15 days of the date this decision becomes final, the agency shall request that the EEOC's Baltimore Field Office schedule a hearing. The agency is directed to also submit a copy of the complaint files to the Hearings Unit of the Baltimore Field Office within 15 days of the date this decisions becomes final. The agency shall provide written notification to the Compliance Officer at the address set forth below that the request and complaint files have been transmitted to the Hearings Unit. Thereafter, the Administrative Judge shall issue a decision on the complaint in accordance with 29 C.F.R. § 1614.109 *et seq.*, and the agency shall issue a final action in accordance with 29 C.F.R. § 1614.110.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil

action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180)**

6                                      01A55230

calendar days of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

<u>RIGHT TO REQUEST COUNSEL</u> (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations


__JAN 3 1 2006__
Date

7                                                01A55230

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.  I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:


JAN 3 1 2006
Date


Equal Opportunity Assistant