

| INDIANAPOLIS | | | | CHICAGO | WASHINGTON, D.C. |
|---|---|---|---|---|---|
| Norman R. Garvin | Karla Cooper-Boggs | | | Gerald F. Cooper, Jr. | Daniel R. Barney |
| Andrew K. Light | Jeffrey S. Toole | | | William D. Brejcha | Kim D. Mann |
| James H. Hanson | W. Todd Metzger | **SCOPELITIS, GARVIN, LIGHT & HANSON** | | Victor P. Shane | |
| Lynne D. Lidke | Christopher R. Whitten | | | Dennis J. Duffy | SAN FRANCISCO |
| Thomas E. Farrell* | Craig J. Helmreich | PROFESSIONAL CORPORATION | | Stephen A. Oakley | Of Counsel |
| Gregory M. Feary | A. Jack Finklea | ATTORNEYS AT LAW | | | James Attridge |
| Robert L. Browning | | | | Of Counsel | |
| Steven A. Pletcher | Of Counsel | INDIANAPOLIS | | Robert C. Rubin | KANSAS CITY |
| Timothy W. Wiseman | Alki E. Scopelitis* | CHICAGO • WASHINGTON, D.C. • SAN FRANCISCO • KANSAS CITY | | Maria E. Portela | Of Counsel |
| Jay D. Robinson, Jr. | David D. Robinson | | | | James T. Graves* |
| Michael B. Langford | Richard A. Clark | 1850 M Street, N.W., Suite 280    Washington, D.C. 20036-5804 | | | |
| Angela S. Cash | | phone (202) 783-9222    fax (202) 783-9230 | | | |
| Carla R. Hounshel | *Certified Mediator | www.scopelitis.com | | | |

KIM D. MANN
Direct Number
202.296.5003
kmann@scopelitis.com

October 9, 2002

**VIA TELECOPIER**
**(202) 514-8780**

Marina Utgoff Braswell, Esquire
U.S. Department of Justice
United States Attorney
Judiciary Center, Room 10-413
555 Fourth Street, NW
Washington, D.C. 20001

      *Re:*    *Felder/ Simmons vs. USDA*
               *Terms of Implementation and Transition*

Dear Marina:

      As you indicated during our last telephone discussion, the Assistant Deputy Administrator for USDA/APHIS's International Services, John Wyss, has notified Marvin Felder and Van Simmons of their "selections" to fill positions in IS by letters dated September 26, 2002. They would like to meet with IS officials to discuss certain aspects of these selections, including the terms and conditions not mentioned in Mr. Wyss's letters. We respectfully request your assistance in facilitating scheduling such a meeting as soon as possible.

      Mr. Felder has no issues regarding the specific position and location for which he has been selected and assigned, APHIS Area Director, Seoul, Korea, to a position of an Agriculturalist, FP-401-2 (GS-14 equivalent).

      On the other hand, Mr. Simmons does not believe the position to which he has been assigned conforms with the terms and conditions of Judge Kessler's order on instatement. He requests IS select him to fill another vacant position and at a different location. Her order requires "instatement to the first opening or vacancy which becomes available in IS." Mr. Wyss's letter to Mr. Simmons advises that Mr. Simmons has been selected to fill the position of "Plant Protection and Quarantine Officer, Officer in Charge, in Hamilton, Bermuda." The position is classified as a Plant Protection and Quarantine Officer, FP-436-4 (GS-12 equivalent). On the surface, this is not an IS position, but merely the same position Mr. Simmons currently holds in APHIS/PPQ, although with an overseas location. He is a Plant Protection and Quarantine Officer in the GS-436 Series. He applied for a position in International Services, a unit of APHIS, not a position in Plant Protection and Quarantine, a separate unit of APHIS. He was on the IS roster, not the PPQ roster, in 1997.

Marina U. Braswell, Esquire
October 9, 2002
Page 2

      More importantly, according to Mr. Wyss's letter of September 26, 2002, the position in Bermuda to which Mr. Simmons has been assigned is an untenured "career-candidate" appointment position. Mr. Simmons understands this selection subjects him to being removed at any time for any reason, essentially a probationary employee position. The Bermuda post has, in the past, been filled by employees given temporary appointments not to exceed five years or career-candidate appointments at the beginning of their IS employment. Had Mr. Simmons been selected for an IS position as of a date on which the "first [or] second vacancies in IS were filled after creation of the [1997] roster on which [Mr. Simmons] . . . was placed," Mr. Simmons today would have had tenure and would not be eligible to fill the position at Bermuda even if that post is considered an IS position. Given these attributes of the Bermuda post and the specific assignment, we believe Mr. Simmons has been placed in an assignment that is outside the scope of what Judge Kessler has intended. Mr. Wyss should be able to confirm our understanding of how IS fills positions in Bermuda and the specific nature and limitations of the untenured position to which Mr. Simmons has been assigned.

      The selecting official recognized Mr. Felder's entitlement to a permanent IS, Foreign Service position with tenure. This recognition is inherent in his selection of Mr. Felder to fill the position in Korea which, according to Mr. Wyss's letter of September 26, 2002, is a permanent, career tenured appointment. The IS selecting official has, however, not given Mr. Simmons the same treatment. As a tenured IS employee with five years' experience (which Mr. Simmons would have been had the Agency not discriminated against him in the selection process), Mr. Simmons would not have been and should not now be eligible for selection to fill that Bermuda vacancy.

      We understand other Foreign Service positions in IS were vacant or open (and currently are vacant) at the same time as the Bermuda position opened up for which FP-4 employees with five years' experience are eligible to fill. We request IS provide Mr. Simmons and me a list of these other vacancies and openings and the dates on which they first became open or vacant.

      At the requested meeting with IS officials, Messrs. Felder and Simmons would like to discuss the following issues and gain clarification as to the following points in addition to arriving at a satisfactory solution to Mr. Simmons's request for another position selection:

1. We believe it is clear Judge Kessler intended the instatements to be retroactive "to the dates on which the first and second vacancies in IS were filled after creation of the roster on which each plaintiff was placed (without regard to whether the selections were made from those rosters and without regard to whether selections were made from within or without IS)." Mr. Felder and Mr. Simmons would like to know the exact dates on which these first and second vacancies in IS actually occurred.

2. Messrs. Felder and Simmons would like to confirm that the Agency has, for purposes of computing retirement, pay, and all other benefits, deemed their selections to the new IS posts to be retroactive to those specific dates.

3. Messrs. Felder and Simmons request an explanation of the statutory and regulatory mandated benefits of IS employment to which they will be entitled, and how they will be calculated, including retirement, social security, insurance, TSP, etc.

Marina U. Braswell, Esquire
October 9, 2002
Page 3

4. We believe each plaintiff is entitled to in-grade step increases as a matter of law in accordance with the federal regulations governing their positions in IS. They would like an explanation as to the dates on which those in-grade step increases will be deemed to have become effective and how those increases affect their promotion potential and retirement.

5. The step increases to which Messrs. Felder and Simmons are entitled as well as the salary differential between the FP-3 pay and the GS-14 pay (in Mr. Felder's case) and between the FP-4 pay and the GS-12 pay (in Mr. Simmons's case) represent additional salary to which they are entitled given the retroactive effect of their instatements. (This additional salary results from the step increases, the legal principle they may not be paid any less than what they have been receiving as PPQ employees, and the pronounced disparity between the comparable pay brackets of IS and PPQ -- the closest pay bracket at IS that does not result in a decrease in salary is slightly higher than the equivalent bracket at PPQ.) They would like assurances this additional pay will be forthcoming as part of the transition package to which they are entitled under Judge Kessler's order.

6. Messrs. Felder and Simmons have both received substantial compensatory damage awards as a result of Judge Kessler's judgment. They would like clarification as to how interest on this award is to be computed, both pre-judgment interest and post-judgment interest.

Marina, Messrs. Felder and Simmons should be treated fairly, and that is all they request. They would like to receive assurances that going forward they will be given equal and non-discriminatory treatment at IS. The requested meeting will provide everyone an opportunity to clear the air and to come away with a clear understanding of the "rules of the road." They are concerned, and Mr. Simmons in particular is concerned, about the lingering effects of their successful EEOC cases. See, for example, the enclosed e-mail message from one high level IS manager, Elba Quintero, to Mr. Simmons' future supervisor and a broad group of IS managers expressing sorrow and sympathy for, in her words, the disturbing, regrettable news that Mr. Simmons will be working in their region. It is for this reason, among many others, that the Bermuda assignment is not satisfactory to or right for Mr. Simmons. (Ms. Quintero confirms the availability of a vacant position in Manila, Philippines.) Hopefully, a meeting in which both sides attempt to come to an understanding reached in good faith can put an end to this type of hostile, unacceptable attitude.

Please let me know what date or dates would work best for you and your clients for a meeting.

Sincerely,

Kim D. Mann

cc: Mr. John Wyss (via telecopier - 202-690-1484)
    Mr. Marvin Felder
    Mr. Alester Van Simmons
KDM/snp



--- InterPersonal Message ---

From: 'Elba.Quintero@aphis.usda.gov@inter2@gw'(Elba.Quintero@aphis.usda.gov@inter2)
Subject: Bermuda
To: 'Carolyn.T.Cohen@aphis.usda.gov@inter2@gw'(Carolyn.T.Cohen@aphis.usda.gov@inter2)
'Gary.E.Timmons@aphis.usda.gov@inter2@gw'(Gary.E.Timmons@aphis.usda.gov@inter2)
'Carolyn.T.Cohen@aphis.usda.gov@inter2@gw'(Carolyn.T.Cohen@aphis.usda.gov@inter2)
'Carol.E.Russell@aphis.usda.gov@inter2@gw'(Carol.E.Russell@aphis.usda.gov@inter2)
'kevans@hainet.net@inter2@gw'(kevans@hainet.net@inter2)
'aflores@kasnet.com@inter2@gw'(aflores@kasnet.com@inter2)
'Thomas.Billak@aphis.usda.gov@inter2@gw'(Thomas.Billak@aphis.usda.gov@inter2)
'Mark.E.Knez@aphis.usda.gov@inter2@gw'(Mark.E.Knez@aphis.usda.gov@inter2)
'Bruce.Lewke@aphis.usda.gov@inter2@gw'(Bruce.Lewke@aphis.usda.gov@inter2)
'Scott.D.Saxe@aphis.usda.gov@inter2@gw'(Scott.D.Saxe@aphis.usda.gov@inter2)
'Peter.M.Grosser@aphis.usda.gov@inter2@gw'(Peter.M.Grosser@aphis.usda.gov@inter2)
'Yvette.Perez@aphis.usda.gov@inter2@gw'(Yvette.Perez@aphis.usda.gov@inter2)
'Thomas.Andre@aphis.usda.gov@inter2@gw'(Thomas.Andre@aphis.usda.gov@inter2)
'andre@rtn.uson.mx@inter2@gw'(andre@rtn.uson.mx@inter2)
'Thomas.C.Schissel@aphis.usda.gov@inter2@gw'(Thomas.C.Schissel@aphis.usda.gov@inter2)
'cchris_ccobbs@yahoo.com@inter2@gw'(cchris_ccobbs@yahoo.com@inter2)
'Richard.E.Pacer@aphis.usda.gov@inter2@gw'(Richard.E.Pacer@aphis.usda.gov@inter2)
'richard.pacer@codetel.net.do@inter2@gw'(richard.pacer@codetel.net.do@inter2)
Importance: Normal
Sensitivity: Normal

*Elba Letter CC*

This is to inform you of some disturbing news I had from Ralph Iwamoto this morning. I was given the news that Mr. Simmons will become the next OIC in Bermuda. The EEO lawyers met with Ralph last week and informed him that the next two available positions in IS, WILL HAVE TO GO to Simmons and Felder. Since Bermuda is vacant at the present time Mr. Simmons will filled the position. Carolyn, I am sorry to have to give you this news. Arrangements are being made at the present time to get Mr. Simmons ready to occupy the post. I am sending this message to all of you so you all are informed on the decisions being made at headquarters. It appears that the position in Manila will go to Mr. Felder. I will keep you informed as more information is given to me.

Elba

*Elba Letter*