IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA K. FELDER, as Personal Representative of the Estate of Marvin Felder, Deceased<br><br>    Plaintiff,<br><br>v.<br><br>MIKE JOHANNS, Secretary, U.S. Department of Agriculture<br><br>    Defendant. | Civil Action No.<br>06-0910 (CKK) |

**PLAINTIFF'S RULE 7(h) STATEMENT OF MATERIAL FACTS IN DISPUTE**

Plaintiff Barbara K. Felder, in her capacity as personal representative of the estate of Marvin Felder ("Plaintiff"), hereby files the following Statement, pursuant to Local Rule 7(h), of material facts as to which Plaintiff contends there exists a genuine issue necessary to be litigated, with references to parts of the record relied upon to support these statements. *See* LCvR 7(h). Plaintiff expressly reserves the right to supplement and amend her Statement following the conclusion of Rule 56(f) discovery as requested in her Motion for Continuance.

**1.** Pursuant to letter dated September 26, 2002, the Agency made an initial offer to Mr. Felder of a position in IS as Area Director in Seoul, Korea. *See* September 26, 2002 letter from Assistant Deputy Director Wyss to Mr. Felder (Ex. B).[1]

---

[1] References to lettered exhibits are to the exhibits attached to Plaintiff's Memorandum in Opposition. References to numbered exhibits are to the exhibits attached to Defendant's Memorandum in Support of its Motion.

**2.** The September 26, 2002 offer of an assignment in IS as Area Director in Seoul, Korea was merely an offer, subject to modification pursuant to negotiations between Mr. Felder and Agency representatives, including Mr. Wyss and Agency counsel, from September 2002 through a final meeting between Mr. Felder and high-level IS officials, held October 30, 2003. These negotiations were over the terms and conditions of the offered assignment and, in particular, the offer of a position at the FP-2 level. *See* correspondence and email between and among Mr. Felder, Mr. Felder's counsel, Mr. Wyss, and Agency counsel (Exs. C-Q).

**3.** Following the acceptance of the final offer at the last negotiation session, a meeting on October 30, 2003 with IS officials, confirmed in a letter from Mr. Wyss, dated December 5, 2003, Mr. Felder was officially converted from his GS 436-14 position in his former agency unit to an FP 401-2 position in IS, effective December 28, 2003. *See* EEO complaint and letter of December 5, 2003 from Mr. Wyss (Exs. C, P, and Q)

**4.** The "discriminatory event" for purposes of requiring contacting an EEO counselor was December 28, 2003, the effective date of the personnel action transferring Mr. Felder to IS. *See* Wyss letter, dated December 5, 2003 (Ex. C).

**5.** The Agency originally offered Mr. Simmons an assignment in IS in Bermuda, which he turned down, but following subsequent negotiations with the Agency, Mr. Simmons was offered and accepted an assignment in Kingston, Jamaica. *See* letter from Mr. Felder's counsel dated January 31, 2003 to Agency counsel, ¶ 4, and letter dated February 27, 2003 from Mr. Wyss to Mr. Simmons (Exs. H and I).

**6.** In order to comply with Judge Kessler's order in the Kessler Litigation, the Agency only had to place Mr. Felder in the first vacancy in IS available at the time the 1997 roster was opened at a position that did not constitute a promotion but which did

not result in loss of salary. *See* Complaint ("Comp.") at ¶¶ 8-12; Kessler Order February 4, 2002 at 2 (Ex. 1).

7.   Plaintiff denies Defendant's assertion that Mr. Simmons's promotion between the date of his instatement and the date he reported to work at IS was attributable to the Agency locating an IS employee, comparable to Mr. Simmons, as the Agency defines that concept. Plaintiff believes additional discovery as requested in her Motion for Continuance may be necessary in order to develop the facts to refute this erroneous assertion, but based upon the information available, Plaintiff understands the employee the Agency refers to as comparable to Mr. Simmons was not at all comparable. *See* Mr. Felder's Rebuttal Affidavit, ¶ 7 (Ex. S).

8.   IS operated under an internal policy of not hiring from outside the Agency to fill IS positions at a management level, FP-3 and below, but instead promoted from within IS. *See* Mr. Felder's Rebuttal Affidavit, ¶¶ 1, 2 (Ex. S).

9.   As a result of the above Agency policy not to hire from outside the Agency, it became highly likely if not inevitable the Agency would not have hired anyone in 1997 to fill an opening at the FP-2 level. *See* Mr. Felder's Rebuttal Affidavit, ¶ 2(Ex. S).

10.  Numerous IS employees received promotions from the FP-2 position to the FP-1 position between 1997 and the end of 2003. *See* Felder Rebuttal Affidavit (Ex. S).

11.  The IS employees that IS promoted to the FP-1 position between 1997 and the end of October 2003 are comparable to Mr. Felder, and the Agency's (Mr. Wyss's and Ms. Skaggs's) attempts to distinguish them are factually flawed. *See* Mr. Felder's Rebuttal Affidavit, ¶¶ 4-6 (Ex. S).

12.  Whether the IS employees who did receive promotions from FP-2 to FP-1 between 1997 and October 2003 had more than five years' Foreign Service experience must be tested through discovery as requested in Plaintiff's Motion for Continuance. Likewise, the relevance of this alleged experience gap between those IS employees and

Mr. Felder has not been explained or established and must be made the subject of discovery in accordance with the Motion for Continuance.

**13.** When filling vacant positions at IS, the IS policy at the time was to permit employees in one series, such as 436 or 414, to apply for positions in a different but related series, including the 401 and 701 series. *See* Wyss Letter of August 15, 2003 and Iwamoto Policy Statement (Ex. T) and Mr. Felder Rebuttal Affidavit, ¶ 5 (Ex. S).

**14.** The percentage of IS employees promoted internally each year from the FP-2 to the FP-1 level appears significant, but the number of employees promoted has not been shown to be relevant, and the relevancy, if any, must be tested pursuant to the discovery requested in Plaintiff's Motion for Continuance.

**15.** The negotiations between the Agency and Mr. Felder and their representatives dealt with, among other things, securing a promotion for Mr. Felder at the FP-1 level in order to provide Mr. Felder a promotion just as the Agency had promoted Mr. Simmons, *i.e.* equal treatment. The promotion efforts were not in response to or in order to comply with the Order from Judge Kessler. *See* Comp. at ¶¶ 9-14, 24, 25; correspondence between September 26, 2002 and October 30, 2003 (Exs. C-Q).

Respectfully submitted,

Due and Filed:
October 6, 2006

_____/s/_____
KIM D. MANN, D.C. Bar # 81471
SCOPELITIS, GARVIN, LIGHT & HANSON, P.C.
1850 M Street, N.W., Suite 280
Washington, DC 20036-5804
(202) 783-9222
(202) 783-9230 (fax)

**Attorney for Plaintiff
Barbara K. Felder**