IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA K. FELDER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0910 (CKK) |
| ) | |
| MIKE JOHANNS, ) | |
| Secretary, Department of Agriculture, ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S RULE 56(F) MOTION**

**I.   INTRODUCTION**

In her opposition memorandum, plaintiff Barbara Felder (the personal representative of Marvin Felder) summarizes the claim in this case as follows:

> The illegal conduct emanates from the disparate treatment that Defendant's separate operating unit, International Services ("IS"), a subagency within USDA's Animal and Plant Health Inspection Service, accorded Mr. Felder in <u>failing to promote</u> Mr. Felder, an African American, to a position within IS while <u>promoting</u> Mr. Alester Van Simmons, a similarly situated employee of IS.

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or for Summary Judgment ("Opp.") at 2 (emphasis added). While plaintiff employs the term "promotion" in the above-quoted sentence and throughout the Complaint and opposition memorandum, the simple fact is that this matter does not concern a "promotion" in the traditional sense of the word. Rather, plaintiff's challenge solely concerns the FP level of the position he received as equitable relief following the jury trial in <u>Felder v. Glickman</u>, 99-1860 (GK). As such, this claim about the purported inadequacy of the FP level must be heard through a motion to enforce the equitable relief order (or an equivalent proceeding), and not through a new federal court complaint.

Under the February 4, 2002 equitable relief order issued by Judge Gladys Kessler, both Mr. Felder and his co-plaintiff Alester Van Simmons were provided "instatement to the first opening or vacancy which becomes available in IS, and backpay to the dates on which the first and second vacancies in IS were filled after creation of the roster on which each Plaintiff was placed." February 4, 2002 Order at 2 (Def. Ex. 1). Since the court-ordered instatements were required to be retroactive to the date that the challenged vacancies were actually filled (February 14, 1997), see Pl. Opp. at 7, the Department of Agriculture went about the process of determining the FP level the two plaintiffs would have occupied in 2002 assuming that they had been selected back in February 1997. For Mr. Simmons, the agency determined that he would have likely would have advanced one FP level over that five year period, from an FP-4 to an FP-3. For Mr. Felder – a higher level employee than Mr. Simmons – the agency concluded that he likely would not have advanced beyond the initial FP-2 level during that time, in light of the scarcity of FP positions and the number of years in service typically required to obtain an FP-1. See Defendant's Motion to Dismiss or for Summary Judgment at 13-17 (describing the methodology used by IS in determining the FP levels).

The key point however, is that the "paper promotion" of Mr. Simmons – and the corresponding absence of a similar "paper promotion" for Mr. Felder – was done in satisfaction of the requirement that the two prevailing plaintiffs be retroactively instated into IS positions. If Felder believes that the Department of Agriculture has failed to adequately satisfy the retroactivity obligation of the February 4, 2002 Order, and that the instatement should have been at the FP-1 rather than FP-2 level, then she must bring that claim before the judge who issued the equitable relief Order. What Felder may not do is attempt to transform a claim concerning one of the material elements of her decedent's court-ordered instatement into a new civil action in an effort to get a

second bite at a compensatory damages award.

For the reasons set forth below and as articulated in defendant's initial Motion, this civil action should be dismissed under Fed. R. Civ. P. 12(b)(6).[1] Alternatively, as plaintiff has failed to establish a prima facie case of either discrimination or retaliation, the matter may be readily dismissed as a matter of law.[2]

## II. ARGUMENT

### A. Plaintiff's Challenge to The FP Level Upon Instatement is a Challenge to Whether The Agency Has Satisfied the Retroactivity Requirement of the February 4, 2002 Order

Felder claims that the 2006 Complaint does not constitute a "collateral attack" on Judge Kessler's February 4, 2002 Order. See Pl. Opp. at 5. Defendant agrees. This is why the phrase "collateral attack" does not appear in the Motion to Dismiss. See Pl. Opp. at 2 n.2. To be clear, the

---

[1]Plaintiff argues that defendant has failed to properly articulate the precise federal rule on which he is seeking dismissal of this matter. Defendant moved for dismissal under Federal Rule 12(b)(6). See Motion to Dismiss or for Summary Judgment (Motion). To the extent that the Court must rely on anything other than the pleadings, documents incorporated by reference into the pleadings, or matters for which the Court may take judicial notice (such as Judge Kessler's orders), then the matter would be converted into a motion for summary judgment. See Fed. R. Civ. P. 12(c).

To the extent that there is any confusion about the "legal theory or principle" under which dismissal is sought, Opp. at 7, that confusion arises in no small part from plaintiff's highly unusual effort to transform a challenge to adequacy of relief provided under an equitable relief order Court into a separate de novo proceeding. Defendant approached this as a 12(b)(6) (failure to state a claim on which relief may be granted) motion; however, since the Court may consider matters concerning subject matter jurisdiction at any time, see Fed. R. Civ. P. 12(h), the Court can, per plaintiff's invitation, "view [defendant's] argument through the prism of a contention that the Court lacks subject-matter jurisdiction." Opp. at 2 n.2.

[2]Defendant acknowledges that plaintiff has raised sufficient issues concerning exhaustion such that, if the Court concludes that Felder may maintain a separate civil action, a pre-discovery motion on exhaustion grounds is not appropriate.

Department of Agriculture is <u>not</u> arguing that through this action, plaintiff is seeking an alteration or amendment of the February 4 2002 equitable relief Order. Rather, defendant's argument is that the 2006 Complaint is, reduced to its essence, an assertion of agency <u>non-compliance</u> with the Order; <u>i.e.</u>, that the relief provided by the agency does not satisfy the Order's retroactivity requirement because complete retroactive relief to Mr. Felder would have included one additional promotion to the FP-1 level.

This point is made abundantly clear through plaintiff's statement at page 6 of her opposition memorandum:

> [A]ll parties eventually agreed upon precisely what was necessary for the Agency, IS to satisfy and comply with the terms of Judge Kessler's order: the Agency had to place ("instate") Mr. Felder and his co-plaintiff, Mr. Simmons, without a promotion into the first opening/vacancy in IS, <u>retroactive to the date the Agency first filled positions in IS</u>, after IS created the vacancy rosters containing their names. The parties also agreed that this placement or instatement date in IS was to be retroactive to February 14, 1997.

Opp. at 6 (emphasis added). Plaintiff then goes on to state that, "[w]hat Defendant fails or refuses to grasp is that <u>Plaintiff conceded and completely agrees the Agency fully complied with Judge Kessler's orders in every material respect</u>." <u>Id</u>. at 6-7 (emphasis in original). Defendant is not "failing or refusing to grasp" this point; rather, the statement is demonstrably not true. While plaintiff is using herculean efforts to dress her claim up in the clothing of a "failure to promote claim," what is really being challenged is whether the FP level at which Mr. Felder was instated under Judge Kessler's Order accurately reflects what would have happened in the ensuing years had he been selected back in 1997.

Mr. Felder claims that in the period between 1997 and 2004, he, just like Mr. Simmons, would have received at least one promotion, such that his placement should have been at the FP-1,

rather than FP-2 level. Of course, as explained in detail in Part V.C of the agency's opening motion plaintiff's belief in this regard is manifestly incorrect because Mr. Simmons' "paper promotion" to the FP-3 level is attributable solely to the fact that he was a lower level employee back in 1997, making a promotion in the ensuing five year period far more likely. See MTD at 13-17. To the extent that the accuracy of the agency's determination of the proper FP level for the court-ordered instatement is disputable at all, it is a dispute that should be resolved in the context of the civil action in which the relief was awarded, not in a new Title VII case. Mr. Felder's allegation that his co-plaintiff received different equitable relief does not change the fact that equitable relief at issue.

Equally inaccurate and/or misleading is plaintiff's claim "that what the agency did after his instatement date in IS, retroactive to February 14, 1997 constitutes race-based disparate treatment." Pl. Opp. at 7 (emphasis added); see also id. at 8. Plaintiff's failure to obtain an FP-1 occurred before, not after, his instatement date. As plaintiff forthrightly points out in opposing defendant's exhaustion argument, the "official action of the Agency" and "effective date" of the instatement is December 28, 2003. See Pl. Opp. at 11 (citing Exhibit C). The decision to give Mr. Felder an FP-1 was made well before that date. See Def. Ex. 5; Pl. Ex. L (May 9, 2003 letter declining to give Mr. Felder an FP-1). Mr. Felder is not challenging post-placement conduct by the agency – he is challenging the placement itself, a challenge that should not be heard in a de novo proceeding.

**B. The EEOC's Disposition of This Matter Is Irrelevant**

Plaintiff acknowledges that the Court is neither bound by nor should accord deferential treatment to the decision of the Equal Employment Opportunity Commission's (EEOC) reversal of an Administrative Judge's dismissal of this matter under 29 C.F.R. § 1614.107(a). See Pl. Opp. at 9; see also Chandler v. Roudebush, 425 U.S. 840, 844-845 (1976); Contreras v. Ridge, 305 F.

-5-

Supp.2d 126, 131 (D.D.C. 2004). While plaintiff plays lip service to the doctrine of de novo review, the opposition includes extensive block quotations from the EEOC's determination, see Opp. at 8-9, and even goes to far as to mildly rebuke defendant for not attaching the EEOC decision to its motion and for failing to point out any errors in the EEOC's analysis, findings or conclusions. See Opp. at 5 n.3, 9.

Though this court should properly not even consider the EEOC determination, the EEOC's decision is facially incorrect in one critical aspect. The decision states, "[t]he DCJ's orders are silent, however, with regard to any action the agency was to take beyond the effective date of instatement for either employee, and do not order any specific pay or grade level, or effective promotion, from the employees previous grade and pay." Pl. Ex. A at 3-4. The February 4 Order, however, is not actually "silent" as to further action beyond establishing an effective date of instatement. As plaintiff readily acknowledges, both Mr. Felder's and Mr. Simmons' instatements were to be done retroactively as if they had entered onto duty in February 1997. See Pl. Opp. at 7. To accomplish full retroactivity, the Department of Agriculture had to ascertain the FP levels that the two prevailing plaintiffs would have obtained but for their non-selections. Providing Mr. Simmons a "paper promotion" from the FP-4 to FP-3 level was a necessary part of meeting the retroactive instatement requirement. See Declaration of John Wyss at 3 (Def. Ex. 7) (explaining that the agency went about the process of extrapolating what would have happened if the plaintiffs had entered into service in 1997). It was not, as the EEOC concluded, a sui generis "independent action that went beyond the Orders' requirements." Pl. Ex. A. at 3-4.

Lest there be any doubt on this point, one need only review the correspondence provided by plaintiff in her effort to oppose defendant's failure to exhaust claim. In an October 9, 2002 letter,

counsel for the prevailing plaintiffs stated:

1. We <u>believe it clear that Judge Kessler intended the instatements to be retroactive</u> "to the dates on which the first and second vacancies in IS were filled after creation of the roster on which each plaintiff was placed (without regard to whether the selections were made from those rosters and without regard to whether selections were made from within or without IS." Mr. Felder and Mr. Simmons would like to know the exact dates on which these first and second vacancies occurred.

2. Messrs. Felder and Simmons would like to confirm that <u>the Agency has, for purposes of computing retirement pay, and all other benefits, deemed their selections to the new IS posts to be retroactive to these specific dates</u>.

<u>See</u> Pl. Opp., Ex. G at 2. This correspondence leaves it beyond dispute that plaintiffs construed retroactivity to be a material part of the Court's order.

In addition, the record of communication between the parties shows that Mr. Felder's FP level was a matter of extensive post-trial negotiations between the parties. <u>See</u> May 9, 2003 Letter from Ayoka Campbell to Kim Mann (Def. Ex. 5) (responding to Mr. Felder's request for an FP-1 decision). Indeed, plaintiff acknowledges in her opposition memorandum that Mr. Felder sought an FP-1 placement in the post trial relief, and that request was apparently denied by Judge Kessler. <u>See</u> Pl. Opp. at 8 ("Plaintiff accepts that Judge Kessler denied that relief."). Plaintiff's effort to make another run at obtaining an FP-1 before a different audience should be soundly rejected by this Court.

For these reasons, plaintiff's Complaint challenging his failure to obtain an FP-1 position under the discrimination and retaliation provisions of Title VII should be dismissed.

**C.  Plaintiff Has Failed to Establish a <u>Prima Facie</u> Case of Discrimination or Retaliation**

For the reasons set forth above, defendant submits that plaintiff's claim must be brought, if at all, in a motion to enforce proceeding before Judge Kessler. Assuming, <u>arguendo</u>, that the Court

concludes otherwise, this matter may still readily be dismissed as a matter of law, as plaintiff has failed to establish a prima facie case of disparate treatment discrimination or retaliation.

The basis on which plaintiff alleges discrimination and/or retaliation remains perplexing even after review of the opposition memorandum. At base, Felder's claim is that her decedent received different treatment than his co-plaintiff Alester Van Simmons, in that Mr. Simmons was advanced from the FP-4 to FP-3 level as part of his instatement, while he (Felder) was not. See Complaint at ¶15. But both Felder and Simmons were African American, and both Felder and Simmons were prevailing parties in the same employment discrimination case, and thus have the same protected activity.

To make out a prima facie case of disparate-treatment discrimination, a plaintiff must establish that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. See Stella v. Mineta, 284 F.3d 135, 145 (D.C. Cir. 2002) (quoting Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir.1999)). As the opposition memorandum accurately states, a plaintiff does not necessarily have to demonstrate that he was treated differently from a similarly situated employee who is not part of the protected class in order to satisfy the third prong. See George v. Leavitt, 407 F.3d 405, 413 (D.C. Cir. 2005) (cited in Pl. Opp. at 22-23). However, even after Stella and George the third prong of the prima facie case requirement must still be satisfied. If plaintiff is declining to use comparators outside the protected class to show that an inference of discrimination arises from his not being placed at the FP-1 level, then he must point to something else. Just being a member of a protected class subject to an adverse action is not enough. Since plaintiff has failed to come forward with anything that suggests that Mr. Felder's not being afforded an FP-1 position upon instatement to his IS position

was attributable to his race or prior protected activity, the Court can and should grant judgment as a matter of law on this alternative basis.

### III.     RESPONSE TO 56(F) MOTION

Included with plaintiff's opposition to defendant's Motion for Summary Judgment is a Rule 56(f) Motion seeking limited discovery on the matters raised in defendant's affidavits. For the reasons set forth above and in defendant's opening motion, defendant submits that this matter should be dismissed at this time, either because the challenge is one that is only properly brought in a proceeding before Judge Kessler, or because Mr. Felder has failed to establish a <u>prima facie</u> case of disparate treatment discrimination or retaliation.

If the Court does not dismiss on either of these two bases, defendant submits that rather than continue or stay the case, the Court should instead deny defendant's motion without prejudice and direct the parties to prepare a Local Rule 16.3 report addressing further proceedings. A review of plaintiff's proposed discovery indicates that she does not truly seek "limited discovery," but rather the full measure of discovery typical in most employment discrimination cases. If the court does not believe that the matter is properly dismissed on a pre-discovery motion, then the most efficient course would be for defendant to answer the Complaint and have the court order further proceedings consistent with a Local Rule 16.3 submission by the parties.[3]

---

[3] Defendant's counsel has conferred with plaintiff's counsel on this point, and plaintiff's counsel concurs that if the case proceeds on the merits, the filing of an answer by defendant followed by a 16.3 Report would be the most efficient course.

**IV.    CONCLUSION**

WHEREFORE, defendant requests that Civ. A. No. 06-0910 be dismissed.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
PETER D. BLUMBERG, D.C. Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-7157

Dated: November 21, 2006