UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA FELDER, as Personal
Representative of the Estate of Marvin
Felder, deceased,

   Plaintiff,

    v.

MIKE JOHANNS, Secretary, United States
Department of Agriculture

   Defendant.

Civil Action No. 06–910 (CKK)

**MEMORANDUM OPINION**
(May 25, 2007)

Plaintiff, Barbara Felder ("Plaintiff") filed the Complaint in this action as Personal Representative of the Estate of her late husband, Marvin Felder ("Mr. Felder"), against Defendant Mike Johanns, in his official capacity as Secretary of the United States Department of Agriculture ("USDA"). Plaintiff's Complaint alleges that the Animal and Plant Health Inspection Service ("APHIS") and its operating unit, International Services ("IS"), discriminated against Mr. Felder on account of his race and in retaliation for his prior protected EEOC activity, by failing to promote him while promoting a similarly situated IS employee. In 2002, Mr. Felder and a fellow USDA/APHIS employee, Alester van Simmons, prevailed in a jury trial in a race discrimination case against Defendant (hereinafter the "2002 Case"), and were subsequently granted equitable relief, including reinstatement to vacancies in IS. Plaintiff alleges that Defendant carried out its obligation to reinstate Mr. Felder and Mr. Simmons, but subsequently engaged in a separate act of discrimination by promoting Mr. Simmons while failing to promote

Mr. Felder. Defendant has moved to dismiss Plaintiff's Complaint, arguing that Plaintiff's claims should be brought, if at all, in an action before Judge Gladys Kessler, the Judge in the 2002 Case, because it relates to equitable relief provided by Defendant as a result of the 2002 Case. Alternatively, Defendant argues that Plaintiff's Complaint should be dismissed either because Plaintiff failed to exhaust her administrative remedies or because Defendant had a legitimate, non-discriminatory reason for promoting Mr. Simmons while not promoting Mr. Felder. Plaintiff opposes Defendant's Motion and has also filed a Motion Pursuant to Rule 56(f) for Continuance to Obtain Discovery.

    The Court has conducted a searching review of Defendant's Motion, Plaintiff's Opposition and Rule 56(f) Motion, and Defendant's Reply, the exhibits attached thereto, the relevant case law, and the entire record herein. The Court has also consulted with Judge Kessler regarding the relationship between the instant case and the 2002 Case. Based on the foregoing, the Court declines to dismiss this action on the grounds that it should be brought before Judge Kessler. Furthermore, the Court concludes that it is premature to resolve the remainder of Defendant's Motion to Dismiss or for Summary Judgment, as discovery has not yet been conducted in this action and it appears that genuine questions of material fact may exist. The Court shall therefore deny the remainder of Defendant's Motion without prejudice and shall grant Plaintiff's Motion Pursuant to Rule 56(f) for Continuance to Obtain Discovery.

## I. BACKGROUND

*A.    Allegations Set Forth in Plaintiff's Complaint*

Plaintiff's Complaint alleges that Mr. Felder, an African-American male, was employed by USDA/APHIS from 1978 until his death on March 10, 2005, at which point he was 53 years

old. Compl. ¶ 6. On July 7, 1999, Mr. Felder and a fellow USDA/APHIS employee, Alester Van Simmons, filed a civil action in the United States District Court for the District of Columbia captioned *Felder v. Glickman*, Civil Action No. 99-1860 (the "2002 Case"), in which they alleged that Defendant intentionally discriminated against them on the basis of their race by refusing to select them from the roster of qualified candidates for management-level vacancies at IS. *Id.* ¶¶ 7-8. The 2002 Case was tried before Judge Gladys Kessler, and the jury returned a verdict in favor of Mr. Felder and Mr. Simmons. *Id.* ¶ 8. In an Order filed February 4, 2002, Judge Kessler granted-in-part Mr. Felder and Mr. Simmons' motion for equitable relief, awarding them "reinstatement to the first opening or vacancy which becomes available in IS, back pay to the dates on which the first and second vacancies in IS were filled after creation of the roster on which each Plaintiff was placed . . . and front pay." *Id.*; *Felder v. Glickman*, Civil Action No. 99-1860, Order (D.D.C. Feb. 4, 2002). According to Plaintiff, all parties to the 2002 Case later agreed that the Mr. Felder and Mr. Simmons' instatements in IS should be retroactive to 2002. Compl. ¶ 8.

According to Plaintiff, APHIS/IS complied with Judge Kessler's February 4, 2002 Order by "placing both Mr. Felder and Mr. Simmons in the first available vacant positions in IS, at FP levels consistent with their respective then current grades and areas of expertise, made retroactive to February 14, 1997." *Id.* ¶ 9. Mr. Felder was transferred to IS in January 2004 and Mr. Simmons was transferred to IS in September 2003. *Id.* ¶¶ 10-11. According to Plaintiff, Defendant "correctly, and in full compliance with Judge Kessler's order of instatement, treated Messrs. Felder and Simmons on paper as enrolled in IS at the same functionally-equivalent FP level, in terms of grade and salary, as they had occupied and were receiving on February 14, 1997

. . . ." *Id.* ¶ 12.  However, upon transferring into IS, Mr. Simmons was informed that he had received a "paper promotion" between his retroactive instatement date of February 14, 1997 and the date that he reported to work in IS, September 21, 2003.  *Id.* ¶ 13.  Defendant declined to give Mr. Felder a similar "paper promotion."  *Id.* ¶ 14.

Upon learning of this purported discrepancy, Mr. Felder initiated the EEO complaint process, contacting Defendant's EEO counselor on November 4, 2003, and filing a formal charge of race-based discrimination on December 19, 2003.  *Id.* ¶ 15.  According to Plaintiff, Mr. Felder's EEO Complaint alleged that USDA/APHIS' failure to promote him while promoting Mr. Simmons also constituted reprisal for his prior EEO activity, "specifically for serving as the 'ring leader' in successfully pursuing the discrimination claim" in the 2002 Case.  *Id.*  USDA moved to dismiss Mr. Felder's EEO complaint, alleging that it was a collateral attack on Judge Kessler's February 4, 2002 Order.  *Id.* ¶ 17.  On March 10, 2005, while that motion was pending, Mr. Felder passed away.  *Id.* ¶ 18.  His widow, Barbara Felder, elected to continue to pursue his discrimination complaint as personal representative of his estate.  *Id.*  On June 10, 2005, the EEOC Administrative Judge granted USDA's motion to dismiss and USDA dismissed Mr. Felder's EEOC complaint.  *Id.* ¶ 19.  Plaintiff subsequently appealed the dismissal of Mr. Felder's EEOC complaint, and the EEOC granted Plaintiff's appeal and vacated the order dismissing Mr. Felder's EEOC complaint.  *Id.* ¶¶ 20-21.  USDA then filed a request for reconsideration, which was rejected by the EEOC by decision dated March 16, 2006, which also notified Plaintiff of her right to file a civil action in the United States District Court.  *Id.* ¶ 22.

Plaintiff filed her Complaint in this action on May 15, 2006, asserting two claims for relief.  First, Plaintiff alleges that Defendant intentionally discriminated against Mr. Felder by

subjecting him to disparate treatment on the basis of his race by failing to promote him while promoting Mr. Simmons. *Id.* ¶¶ 23-27. Second, Plaintiff alleges that Defendant's failure to promote Mr. Felder, and continuous refusal of Mr. Felder's request to be treated the same as Mr. Simmons with respect to his "paper promotion" constituted intentional discrimination and retaliation against Mr. Felder for filing the 2002 Case and for participating in that case. *Id.* ¶¶ 28-31.

      B.    *Additional Factual Information Included in Defendant's Motion to Dismiss or for Summary Judgment*

Defendant filed his Motion to Dismiss or for Summary Judgment on September 8, 2006. On October 6, 2006, Plaintiff filed her Opposition to Defendant's Motion, as well as a Motion Pursuant to Rule 56(f) for Continuance to Obtain Discovery.[1] Defendant filed his Reply on November 21, 2006. Defendant's filings in connection with his Motion to Dismiss or for Summary Judgment provide additional information as to Defendant's allegedly discriminatory and retaliatory act, i.e., refusing to give Mr. Felder a "paper promotion" while giving such a promotion to Mr. Simmons.

Specifically, Defendant asserts that, following Judge Kessler's February 4, 2002 Order, USDA/APHIS assigned Mr. Felder to a position in the foreign service at the FP-2 level (the equivalent to a GS-14 in the civil service), and assigned Mr. Simmons to a position in the foreign

---

[1] In her Opposition, Plaintiff asserts that Defendant's motion to dismiss "suggests this Court may not have jurisdiction to hear Plaintiff's claim" and therefore should be viewed as arguing that this court lacks subject-matter jurisdiction. Pl.'s Opp'n at 2 n.2. However, as Defendant's motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) rather that Rule 12(b)(1), the Court assumes Defendant to be arguing that Plaintiff fails to state a claim upon which relief can be granted because her Complaint does not allege an independent cause of action, but rather a claim that should be brought as a motion to enforce or a motion to alter or amend Judge Kessler's February 4, 2002 Order. *See* Def.'s Mot. at 1.

service at the FP-3 level (the equivalent to a GS-13 in the civil service). Def.'s Rule 7(h) Stmt. of Mat. Facts Not in Dispute (hereinafter "Def.'s Stmt.") ¶¶ 6-9. In addition, however, Defendant explains the process by which USDA determined the appropriate FP levels at which to bring Mr. Felder and Mr. Simmons into the Foreign Service. According to Defendant, "[t]o comply with Judge Kessler's equitable relief Order, the agency had to determine what FP level the two plaintiffs would likely be occupying in 2003 had they been selected back in 1997." *Id.* ¶ 10. At the time that Mr. Felder and Mr. Simmons applied to the Foreign Service in 1997, Mr. Simmons was on the FS-436-4 (GS-12/FP-4) roster, while Mr. Felder himself was on the FS-436-3 (GS-13/FP-3) roster. *Id.* ¶¶ 12, 14. Therefore, according to Defendant, in attempting to comply with Judge Kessler's February 4, 2002 Order, USDA identified a comparitor for Mr. Simmons and determined that, because that individual received a promotion in the five-year period between 1997 and 2002, Mr. Simmons had to be brought in to the Foreign Service at the FP-3 level. *Id.* ¶ 13.

With respect to Mr. Felder, Defendant asserts that "[s]ince 1994, APHIS had operated under an internal policy of brining individuals into the Foreign Service career system at a level no higher than the FP-3 (GS-13 level)." *Id.* ¶ 15. However, "[d]espite this internal policy, the determination was made to bring Mr. Felder into the system at the FP-2 level." *Id.* ¶ 16. According to Defendant, USDA further concluded that "a person first entering onto duty in the Foreign Service in 1997 at the FP-2 level would not likely have obtained an FP-1 position by 2002" because individuals receiving such promotions had greater than five years of foreign service experience, and because very few employees are promoted from the FP-2 to the FP-1 level each year. *Id.* ¶¶ 17-20.

## II.  LEGAL STANDARD

*A.     Federal Rule of Civil Procedure 12(b)(6)*

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged.").  While the court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint."  *Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Moreover, the court is not bound to accept the legal conclusions of the non-moving party.  *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).

The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record.  *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993).  Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint.  *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 840, 133 L. Ed. 2d 773 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).  If, on a Rule

12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b).

  B. *Summary Judgment Pursuant to Federal Rule of Civil Procedure 56*

  A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Under the summary judgment standard, Defendant, as the moving party, "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Plaintiff, in response to Defendants' motion, must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548.

  Although a court should draw all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987); *Liberty Lobby*, 477 U.S. at

251-52, 106 S. Ct. 2505 (the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50, 106 S. Ct. 2505 (internal citations omitted). "Mere allegations or denials of the adverse party's pleading are not enough to prevent the issuance of summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996). The adverse party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Instead, while the movant bears the initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587, 106 S. Ct. 1348 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

    C.    *Federal Rule of Civil Procedure 56(f)*

Summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). Under Federal Rule of Civil Procedure 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, 1175 (D.C. Cir. 1981). "[T]he

9

purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, Civ. No. 01-1054, 2003 WL 21486821, at *2 n.5 (D.D.C. Mar. 18, 2003) (citing *Celotex Corp.*, 477 U.S. at 326, 106 S. Ct. 2548). The district court has discretion in determining whether it should permit additional discovery before the motion for summary judgment is resolved. *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002).

A party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is unable to present the necessary opposing material." *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983); *but see First Chicago Int'l*, 836 F.2d at 1380 (holding that filing an affidavit is not essential to preserve Rule 56(f) contention as long as the district court was alerted to the need for further discovery). The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. *Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). It must also show a reasonable basis to suggest that discovery might reveal triable issues of fact. *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999).

### III.  DISCUSSION

Defendant has moved to dismiss Plaintiff's Complaint, arguing that Plaintiff's claims must be brought, if at all, in an action before Judge Kessler relating to her February 4, 2002 Order. In the alternative, Defendant argues that Plaintiff's Complaint should be dismissed because she failed to exhaust her administrative remedies, or because Defendant had a legitimate,

non-discriminatory reason for giving Mr. Simmons a "paper promotion" while not extending such a promotion to Mr. Felder.  *See generally* Def.'s Mot. to Dismiss.  Plaintiff opposes Defendant's motion, arguing that Defendant committed a discrete discriminatory act when it refused to promote Mr. Felder while promoting Mr. Simmons, such that her claim is not properly viewed as arising out of Judge Kessler's February 4, 2002 Order.  Plaintiff further argues that she exhausted her administrative remedies.  Finally, Plaintiff argues that Defendant's motion relies on a number of documents outside the pleadings and beyond the scope of judicial notice, such that Defendant's motion must be treated as one for summary judgment and addressed pursuant to Federal Rule of Civil Procedure 56.  Plaintiff accordingly has filed a Motion for Continuance pursuant to Rule 56(f), along with a supporting affidavit in which she requests the opportunity to conduct discovery in order to respond to Defendant's motion.  *See generally* Pl.'s Opp'n.

    A.    *Plaintiff May Maintain a Civil Action Separate From the 2002 Case*

Defendant characterizes Plaintiff's Complaint as contending that Mr. Felder should have been brought into the Foreign Service at the FP-1 rather than the FP-2 level following Judge Kessler's February 4, 2002 Order.  *See* Def.'s Mot. at 7.  Accordingly, Defendant argues that "[s]ince plaintiff's challenge concerns the adequacy of the position that [USDA] provided . . . the proper forum for hearing these claims is in a proceeding before Judge Kessler either on a Motion to Enforce, or on a Motion to Alter/Amend the Equitable Relief order."  *Id.* at 8.  Plaintiff disputes Defendant's characterization of her Complaint, clarifying that she "concedes and completely agrees that [USDA] fully complied with Judge Kessler's orders in every material respect.  IS placed both Mr. Felder and Mr. Simmons in the first available vacant positions in IS, at the levels consistent with their then current grades, salaries, and areas of expertise, made

retroactive to February 14, 1997." Pl.'s Opp'n at 6-7. Instead, Plaintiff contends that Judge Kessler's February 4, 2002 Order did not require USDA to promote Mr. Felder or Mr. Simmons in connection with instating them into IS, and that "IS elected to promote Mr. Simmons and, at the same time, declined to promote Mr. Felder and, in so doing, discriminated against Mr. Felder." *Id.* at 7. Plaintiff asserts that Mr. Felder did not litigate before Judge Kessler the issue that Plaintiff presents in her Complaint in this action, i.e., whether USDA was free, after instating Mr. Felder and Mr. Simmons in IS, to discriminate against Mr. Felder in subsequent promotions. *Id.* at 8.

The Court has consulted with Judge Kessler as to whether she views the instant litigation as requiring interpretation of her February 4, 2002 Order, and she is of the mind that this Court should address Plaintiff's claims in the instant litigation. Moreover, Plaintiff clearly frames her claim as entirely separate and apart from Judge Kessler's February 4, 2002 Order. The Court therefore concludes that Plaintiff may maintain a separate civil action before this Court based on her claim that USDA committed a discrete act of discrimination or retaliation when it promoted Mr. Simmons while declining to promote Mr. Felder, and shall deny that portion of Defendant's Motion to Dismiss or for Summary Judgment that argues to the contrary. In reaching that conclusion, however, the Court has not considered – and therefore should not be viewed as having determined – whether or not USDA placed Mr. Felder and Mr. Simmons in their respective positions following Judge Kessler's February 4, 2002 Order in an effort to comply with that Order.

      B.     *Plaintiff's Alleged Failure to Exhaust Administrative Remedies*

In his motion to dismiss, Defendant argues that Plaintiff's Complaint should be dismissed

because Mr. Felder did not, as required, contact an EEO counselor within forty-five days of the matter that he alleged to be discriminatory. *See* Def.'s Mot. at 10-13. Defendant argues that Mr. Felder was notified that he was being assigned to his IS position, without a "paper promotion," on January 15, 2003, and therefore was required to make EEO contact on or before March 1, 2003. *Id.* As noted above, Mr. Felder did not contact an EEO counselor until November 4, 2003. Compl. ¶ 15. For her part, Plaintiff "completely disagrees with Defendant's assertion that the January 15, 2003 letter marks the official notice to Mr. Felder that he would not be receiving a promotion similar to Mr. Simmons's upon reporting to IS." Pl.'s Opp'n at 11. Instead, Plaintiff asserts that the relevant notice date is October 30, 2003, and further asserts that the effective date of Mr. Felder's placement in IS is December 23, 2003. *Id.*

Both parties advance more detailed arguments as to when Mr. Felder's time for contacting an EEO counselor was triggered; however, the Court need not address this issue at this time. In his Reply, "Defendant acknowledges that plaintiff has raised sufficient issues concerning exhaustion such that, if the Court concludes that [Plaintiff] may maintain a separate civil action, a pre-discovery motion on exhaustion grounds is not appropriate." Def.'s Reply at 3 n.2. The Court shall therefore deny without prejudice Defendant's motion to dismiss insofar as it argues that Plaintiff failed to exhaust her administrative remedies.

        C.    *Resolution of Defendant's Motion for Summary Judgment is Inappropriate as the Parties Have Not Yet Conducted Discovery*

In addition to moving to dismiss Plaintiff's Complaint on the grounds discussed above, Defendant argues that Plaintiff's Complaint may be dismissed, or summary judgment may be granted, because Defendant had a legitimate, non-discriminatory reason for giving Mr. Simmons a "paper promotion" while declining to extend such a promotion to Mr. Felder, i.e., that the two

were on different selection rosters in 1997. *See* Def.'s Mot. at 13-17. Defendant's argument to this effect relies on numerous affidavits and documents. In addressing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is limited to considering facts alleged in the complaint, any documents attached to or incorporated by reference in the complaint, matters of which the court may take judicial notice, and matters of public record. *See St. Francis Xavier Parochial Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth.*, 988 F.2d at 1226 n.6. In addition, as Defendant concedes, if on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b); Def.'s Mot. at 6. Here, the documents proffered by Defendant in support of his Motion are not referred to or incorporated by reference in Plaintiff's Complaint and are, with the exception of the documents pertaining to the 2002 Case, beyond the scope of judicial notice. As such, insofar as Defendant relies on those documents in arguing that Defendant had a legitimate, non-discriminatory reason for promoting Mr. Simmons but declining to promote Mr. Felder, that portion of Defendant's Motion must be addressed pursuant to Rule 56.

      Noting that Defendant's argument that Mr. Felder and Mr. Simmons were not similarly situated for purposes of Plaintiff's discrimination and retaliation claims relies primarily upon affidavits of IS employees, Plaintiff "advises the Court that she needs to conduct limited discovery in order adequately and fully to address and test the assertions" in those affidavits. *See* Pl.'s Opp'n at 18-22. Plaintiff therefore moves, pursuant to Federal Rule of Civil Procedure 56(f), for a continuance of this action in order to allow Plaintiff to conduct the discovery that she deems necessary to respond to Defendant's Motion. *Id.* Plaintiff also asserts that, even if the

Court denies her Rule 56(f) Motion, Defendant's Motion for Summary Judgment should be denied. *Id.* at 22-23.

The Court shall not address the merit of Defendant's Motion for Summary Judgment at this time because, as Plaintiff points out, discovery has not yet been conducted in this action.[2] Plaintiff supports her Rule 56(f) Motion with her sworn Affidavit, made pursuant to Rule 56(f), in which she asserts that she believes that the affidavits proffered by Defendant "do not accurately or fully describe the facts associated with the refusal of IS to provide [Mr. Felder] the same promotion it offered [Mr. Simmons]." Pl.'s Opp'n, Ex. R (Pl.'s Rule 56(f) Aff.) ¶ 4. Plaintiff further avers that she has been advised by counsel that she needs to conduct depositions of the IS employees whose affidavits Defendant relies upon in moving for summary judgment, "as well as the depositions of other IS management personnel who have personal knowledge of

---

[2] In addition, the Court notes that, although Plaintiff provided a statement pursuant to Local Civil Rule 7(h) setting forth the material facts as to which she contends there exists a genuine issue of material fact in support of her Opposition, that statement does not comply with Local Civil Rules 56.1 and 7(h) because it does not respond to the factual allegations set forth in Defendant's Statement. The parties are hereby advised that this Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules. *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002). A party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. The responding party should include any information relevant to its response in that paragraph. If the responding party has additional facts that are not addressed in the corresponding paragraphs, the responding party should include these at the end of its responsive statement of facts. At all points, parties must furnish precise citations to the portions of the record on which they rely. Additionally, each submission must be accompanied by a table of cases and other authority cited therein. The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Rule LCvR 7, formerly Rule 108(h) (which is the same as rule 56.1). The Court assumes facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion. LCvR 7(h), 56.1.

the promotions given in IS and the promotion policies and procedures implemented at IS between 1997 and 2004." *Id.* ¶ 5.  Finally, Plaintiff believes that, without access to this discovery, she will be "severely handicapped in demonstrating to the Court that there are indeed issues of material fact in dispute that require denying Defendant's Motion to Dismiss or for Summary Judgment." *Id.* ¶ 6.

Plaintiff's Rule 56(f) Affidavit thus sufficiently demonstrates that it would be premature to grant Defendant's Motion for Summary Judgment without allowing Plaintiff the opportunity to uncover the necessary factual support for her arguments against summary judgment. The Court shall therefore deny without prejudice Defendant's Motion for Summary Judgment, pursuant to Civil Rule of Procedure 56(f).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or for Summary Judgment insofar as it argues that Plaintiff's Complaint must be brought as an action before Judge Kessler relating to her February 4, 2002 Order, and shall deny without prejudice that portion of Defendant's Motion to Dismiss that argues that Plaintiff has failed to exhaust her administrative remedies.  Furthermore, the Court shall deny without prejudice Defendant's Motion for Summary Judgment, and shall instead grant Plaintiff's Motion for Continuance pursuant to Federal Rule of Civil Procedure 56(f), in order to allow Plaintiff to pursue discovery in this action.  An appropriate Order accompanies this Memorandum Opinion.

Date:   May 25, 2007

*/s/*
COLLEEN KOLLAR-KOTELLY
United States District Judge
