IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA K. FELDER, as Personal Representative of the Estate of Marvin Felder, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>MIKE JOHANNS, Secretary, UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendant. | Civil Action No. 06-0910 (CKK) |

### FIRST AMENDED COMPLAINT

Plaintiff Barbara Felder, as personal representative of the Estate of Marvin Felder ("Plaintiff"), complains against Michael Johanns, in his official capacity as Secretary of the United States Department of Agriculture ("USDA" or "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

This action arises as a result of the illegal conduct of the Defendant's agency, the Animal and Plant Health Inspection Service ("APHIS"), and APHIS's operating unit, International Services ("IS"), in discriminating against Plaintiff's husband, Marvin Felder ("Mr. Felder"), on account of his race and in retaliation for Mr. Felder's protected activity. The illegal conduct emanates from the disparate treatment IS accorded Mr. Felder in failing to promote Mr. Felder, an African

American, to a position within IS while promoting a similarly situated employee of IS.

### JURISDICTION AND VENUE

1.  This action arises under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*

2.  This Court has jurisdiction over Defendant and this cause of action pursuant to 42 U.S.C. § 2000e-16(c). Mr. Felder filed his initial charge of discrimination with the USDA's Agency, APHIS/IS, more than 180 days prior to the date of this Complaint. In addition, Plaintiff has received notice, dated March 16, 2006, of final action from the Equal Employment Opportunity Commission ("EEOC"), rejecting Defendant's appeal from an EEOC decision overturning Defendant's dismissal of Mr. Felder's complaint alleging discrimination based upon race, color, and retaliation pursuant to 42 U.S.C. §§ 2000e-16(a). The EEOC notice of March 16, 2006 advised Plaintiff of her right as personal representative of her husband's estate to file a civil action in an appropriate United States District Court within 90 calendar days from the date of receipt of that notice.

3.  Venue in this action properly lies in this district and this District Court pursuant to 42 U.S.C. §§ 2000e-5(f)(3). The alleged unlawful discrimination practice was committed in whole or in part in this judicial district, the employment records relevant to such unlawful discriminatory practice are maintained and administered in whole or in part in this judicial district, and Mr. Felder worked in part in this judicial district. Moreover, Defendant has its

principal office in this judicial district. Venue is also proper pursuant to 28 U.S.C. § 1391(e).

## PARTIES

**4.** Plaintiff Barbara Felder, an individual, resides in St. George, South Carolina and brings this action in her capacity as the personal representative of the estate of her husband, Marvin Felder, deceased. At the time of his death, Mr. Felder was an employee of USDA/APHIS/IS stationed at Seoul, South Korea.

**5.** Defendant Mike Johanns is the Secretary of the United States Department of Agriculture with principal offices at 1400 Independence Avenue, S.W., Washington, DC.

## FACTUAL BACKGROUND

**6.** Until the date of his death, March 10, 2005, Mr. Felder was an employee of USDA/APHIS and had been an employee of this Agency since 1978. He was an African American male, 53 years old at the time of his death.

**7.** On July 7, 1999, Mr. Felder and a fellow employee of USDA/APHIS, Alester Van Simmons ("Mr. Simmons"), filed a civil action in this Court alleging Defendant engaged in race based discrimination. They alleged that Defendant intentionally discriminated against them for, among other things, failing and refusing to select them on account of their race from the Agency's roster of qualified candidates for management-level vacancies at IS.

**8.** In the joint civil action that Mr. Felder and Mr. Simmons initiated, docketed as Civil Action No. 99-1860 (GK), and after a trial, the jury returned a

verdict in favor of Mr. Felder and Mr. Simmons. In a decision dated February 4, 2002, presiding District Court Judge Kessler ordered IS, among other things, to place Messrs. Felder and Simmons into the first opening/vacancy in IS, retroactive to the date the Agency first filled positions in IS, after IS created the roster containing their names. All parties to the civil action later agreed the placement or instatement date in IS should be retroactive to February 14, 1997.

9. In compliance with Judge Kessler's order, APHIS/IS implemented the ordered relief, placing both Mr. Felder and Mr. Simmons in the first available vacant positions in IS, at FP levels consistent with their respective then current grades and areas of expertise, made retroactive to February 14, 1997.

10. On or about January 5, 2004, APHIS officially transferred Mr. Felder from Plant Protection and Quarantine ("PPQ"), his former work unit in APHIS, to IS to fill the first available position in IS.

11. Likewise, APHIS officially transferred Mr. Simmons from PPQ, also his former unit in APHIS, to IS on or about September 21, 2003, filling the first available position or vacancy in IS.

12. The Agency correctly, and in full compliance with Judge Kessler's order of instatement in IS, treated Messrs. Felder and Simmons on paper as enrolled in IS at the same functionally-equivalent FP level, in terms of grade and salary, as they had occupied and were receiving on February 14, 1997, the agreed-upon retroactive instatement date, while employed with APHIS's PPQ unit.

13.    Upon transferring from PPQ and entering IS, the Agency informed Mr. Simmons it had provided him a retroactive "paper promotion" between his retroactive instatement date, February 14, 1997, and the date he first reported for work at IS, September 21, 2003. That paper promotion date for Mr. Simmons was November 18, 2001.

14.    In contrast to Mr. Simmons, the Agency declined to provide Mr. Felder a similar "paper promotion" between his retroactive date of instatement, also February 14, 1997, and the date he actually entered the service of IS, on or about January 5, 2004.

15.    After learning for the first time on October 30, 2003 that the Agency would refuse to provide him the same promotion as it had provided Mr. Simmons, Mr. Felder initiated the EEO complaint process, contacting the Agency's EEO counselor on November 4, 2003. On December 19, 2003, Mr. Felder filed formal charges with USDA, alleging race-based discrimination by APHIS in connection with the IS's failure to treat him the same as it had treated Mr. Simmons, promoting Mr. Simmons while declining to promote Mr. Felder. Mr. Felder's EEO complaint also contended the discriminatory act, declining to promote Mr. Felder while promoting Mr. Simmons, constituted reprisal for Mr. Felder's prior EEO activity, specifically for serving as the "ring leader" in successfully pursuing the discrimination claim in the U.S. District Court that ultimately led to the Court's instatement order entered in Civil Action No. 99-1860.

**16.** On or about September 3, 2004, Mr. Felder requested a hearing on his complaint before an Administrative Judge of the EEOC, concurrently notifying USDA/APHIS of his election.

**17.** On March 4, 2005, the Agency filed a Motion to Dismiss Mr. Felder's EEO complaint pursuant to 29 CFR § 1614.109(b)(2000), alleging Mr. Felder's complaint was a collateral attack upon the judgment Judge Kessler entered at the conclusion of the civil action in this Court.

**18.** On March 10, 2005, while the Agency's Motion to Dismiss was pending before an EEOC Administrative Judge, Mr. Felder passed away following a sudden massive heart attack. His widow, Barbara Felder, as personal representative of his estate, elected to continue to pursue his discrimination complaint on behalf of the estate.

**19.** On June 10, 2005, the EEOC Administrative Judge granted the Agency's Motion to Dismiss, asserting the EEOC did not have jurisdiction over Mr. Felder's complaint because it constituted a prohibited collateral attack on Judge Kessler's order. In accordance with the Administrative Judge's order, the Agency, by letter-notice dated July 1, 2005, dismissed the complaint.

**20.** On August 3, 2005, Plaintiff, on behalf of Mr. Felder, filed a timely appeal of the decisions and orders of the EEOC Administrative Judge and of the Agency dismissing his complaint.

**21.** By decision dated January 31, 2006, the EEOC granted Plaintiff's appeal and vacated the Agency's order dismissing Mr. Felder's complaint.

22. On or about March 2, 2006, the Agency filed a request with the EEOC for reconsideration of the EEOC's decision of January 31, 2006, overturning the dismissal. By decision dated March 16, 2006, the EEOC rejected the Agency's Request for Reconsideration on the grounds it failed to meet the criteria for reconsideration set forth in 29 CFR § 1614.405(b). That decision also notified Plaintiff she could either continue the administrative processing of her complaint on behalf of Mr. Felder's estate with the EEOC, or, alternatively, she could file a civil action in the appropriate U.S. District Court within 90 calendar days from the date Plaintiff received the EEOC decision or within 180 days after the date Mr. Felder had filed his complaint with the Agency.

## STATEMENT OF CLAIMS

### First Claim for Relief
### (Disparate Treatment on the Basis of Race -- 42 U.S.C. § 2000e-2)

23. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 as paragraph 23.

24. Defendant has intentionally discriminated against Mr. Felder, subjecting him to disparate treatment on the basis of his race, in that Defendant's APHIS:

> (a) failed or refused to promote Mr. Felder from his original assigned FP-2 class, step 6 position between the date of his retroactive enrollment in IS and the date he reported for service in IS, January 5, 2004, because of his race, a promotion to an FP-1 he should have received on or about November 18, 2001; and

-7-

(b) promoted Mr. Simmons, a similarly situated employee of IS, from his original assigned FP-4 class to an FP-3 class between the date of his retroactive enrollment in IS and the date he reported for service in IS, September 21, 2003, a promotion IS made effective November 18, 2001.

25. As a direct and proximate result of Defendant's wrongful and willful refusal and failure to promote Mr. Felder to the FP-1 position within APHIS's IS unit, APHIS/IS denied Mr. Felder a promotion to which he was entitled and which it had awarded a comparably situated employee within APHIS's IS unit.

26. As a direct and proximate result of Defendant's wrongful and willful failure and refusal to promote Mr. Felder to the FP-1 position within APHIS's IS unit, Mr. Felder suffered economic losses, which losses are continuing.

27. As a direct and proximate result of Defendant's wrongful and willful failure and refusal to promote Mr. Felder to the FP-1 position within APHIS's IS unit, Mr. Felder experienced emotional distress, pain, and suffering.

### Second Claim for Relief
### (Discrimination for Making Racial Discrimination Charges and Participating in Discrimination Enforcement Proceedings -- 42 U.S.C. § 2000e-3(a))

28. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as paragraph 28.

29. Defendant has intentionally discriminated against Mr. Felder for filing racial discrimination charges against APHIS relating to his non-selection from the IS roster for vacancies within APHIS's IS unit and for participating in enforcement

proceedings in this Court against Defendant to end this discriminatory conduct, in that Defendant's APHIS failed and refused to promote Mr. Felder on or about November 18, 2001 from his enrolled position in IS as an FP-2 to an FP-1, while having promoted Mr. Simmons on or about November 18, 2001 from his enrolled position in IS as an FP-4 to an FP-3, knowing or having reason to know that such failure or refusal to promote would impose personal and financial hardship and physical, emotional, and mental stress upon Mr. Felder.

30.   Defendant has intentionally continued its practice of discriminating against Mr. Felder on the basis of his race, retaliating against him for his filing charges of race-based discrimination related to his non-selection from the IS roster for a management position within APHIS and for actively participating in proceedings in this Court to enforce his rights under 42 U.S.C. §§ 2000e *et seq.*, in that Defendant's APHIS continuously refused to grant Mr. Felder's request to be treated the same as Mr. Simmons in terms of receiving a paper promotion from the FP class in which he was enrolled at IS, effective February 14, 1997.

31.   As a direct and proximate result of Defendant's wrongful and willful discrimination against Mr. Felder, in the form of retaliation for filing charges of racial discrimination against APHIS's IS and pursuing those charges in this Court, representing a continuation of the Agency's race-based discrimination against him, Mr. Felder suffered economic loss and physical and emotional distress, pain, and suffering.

**REQUESTED RELIEF**

**32.** Plaintiff respectfully requests the Court to award costs, including expert witness fees and reasonable attorneys' fees, to Plaintiff pursuant to 42 U.S.C. §§ 2000e *et seq.*, together with a declaration of relief as set forth below:

    **(a)** as to the First Claim for Relief, Plaintiff demands judgment against Defendant as follows:

        **(1)** for economic loss suffered, compensatory damages in an amount to be determined in accordance with the proof at trial, plus interest at the legal rate until paid, pursuant to 42 U.S.C. §§ 1981a(a) and (b);

        **(2)** for physical and emotional distress, pain, and suffering, mental anguish, and loss of enjoyment of life in the form of non-economic damage, compensatory damages in the amount of $300,000 in accordance with the proof at trial, plus interest at the legal rate until paid, pursuant to 42 U.S.C. §§ 1981a(a) and (b); and

        **(3)** for lost wages and other benefits and entitlements, including back pay, with interest, associated with the wrongful failure to promote, pecuniary damages in an amount to be determined at trial, pursuant to 42 U.S.C. § 2000e-5(g) and in accordance with 42 U.S.C. §§ 1981a(a) and (b)(2);

**(b)** as to the Second Claim for Relief, Plaintiff demands judgment as Defendant as follows:

**(1)** for economic loss suffered, compensatory damages in an amount to be determined in accordance with the proof at trial, plus interest at the legal rate until paid, pursuant to 42 U.S.C. §§ 1981a(a) and (b);

**(2)** for physical and emotional distress, pain, and suffering, mental anguish, and loss of enjoyment of life in the form of non-economic damage, compensatory damages in the amount of $300,000 in accordance with the proof at trial, plus interest at the legal rate until paid, pursuant to 42 U.S.C. §§ 1981a(a) and (b); and

**(3)** for lost wages and other benefits and entitlements, including back pay, with interest, associated with the wrongful failure to promote, pecuniary damages in an amount to be determined at trial, pursuant to 42 U.S.C. § 2000e-5(g) and in accordance with 42 U.S.C. §§ 1981a(a) and (b)(2);

**(c)** a promotion of Mr. Felder in IS from an FP-2 step 6 to a FP-1 retroactive to November 18, 2001, together with all usual and normal sequential periodic step increases thereafter through March 10, 2005;

**(d)** all costs and expenses of bringing this action, including recovery of attorney's fees; and

**(e)** such other relief as the Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues properly triable to a jury.

Respectfully submitted,

**BARBARA FELDER, as Personal Representative of the Estate of Marvin Felder, Deceased**

Dated and Filed:
June 27, 2007

by: _____/s/_____
Kim D. Mann (Bar # 81471)
SCOPELITIS, GARVIN, LIGHT & HANSON, P.C.
1850 M Street, N.W., Suite 280
Washington, DC 20036-5804
(202) 783-9222
(202) 783-9230 (fax)

**Attorney for Plaintiff**