## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| BARBARA FELDER, as Personal Representative of the estate of Marvin Felder, deceased | ) <br> ) <br> ) <br> ) |
|       Plaintiff, | ) <br> ) |
| v. | )      C.A. No. 06-910 CKK/AK <br> ) |
| MIKE JOHANNS, <br> Secretary of the United States <br> Department of Agriculture, | ) <br> ) <br> ) <br> ) |
|       Defendant. | ) |

---

## ANSWER

**COMES NOW** THE DEFENDANT, Mike Johanns in his official capacity as Secretary of the United States Department of Agriculture (hereinafter referred to as "Defendant"), by and through the United States Attorney for the District of Columbia, and hereby answers the allegations brought against him in the Amended Complaint filed by the Plaintiff Barbara Felder as Personal Representative of Marvin Felder (hereinafter referred to as "Plaintiff"):

Defendant responds to the specifically-numbered paragraphs and prayer for relief set for in the Complaint as follows:

1.  The first paragraph contains Plaintiff's articulation of the laws under which this action is brought to which no response is necessary.

2.  This paragraph contains Plaintiff's characterization of the Court's jurisdiction over this action, a legal conclusion to which no response is required.

3.  This paragraph contains Plaintiff's characterization of venue for this case, a legal conclusion to which no response is required.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14.  Denied as to the characterization that Mr. Felder was entitled to a similar "paper promotion" to which he was denied.  Each employee entered APHIS-IS at a different grade level.

15.  Defendant denies that Mr. Felder learned of the difference in promotions provided to him and to Mr. Simmons for the first time on October 30, 2003.  Defendant admits that Mr. Felder initiated the EEO complaint process on November 4, 2003.  Denied as to the second sentence in this paragraph because the EEO complaint was considered filed on January 2, 2004, and the formal complaint does not state APHIS-IS's failure to treat Mr. Fedler the same as it had treated Mr. Simmons.  (See Report of Investigation, Exhibit 1).  Denied as to the third sentence as well because the formal complaint does not state facts regarding Mr. Felder acting as a "ring leader" in the former Civil Action.

16.  Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Defendant reasserts all responses to paragraphs 1-22 in this paragraph.

24. Denied as to all allegations in this paragraph including all parts of (a) and (b).

25. Denied.

26. Denied.

27. Denied.

28. Defendants reasserts responses to paragraphs 1-27 in this paragraph.

29. Denied.

30. Denied.

31. Denied.

32. Denied as to all allegations and characterizations in this paragraph.  Plaintiff's prayer for

relief from (a)-(e)  requires no response, but to the extent a response is deemed required,

Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim

would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary damages may not be

awarded in this action.

DEMAND FOR A JURY TRIAL

Defendants deny that Plaintiff is entitled to a jury trial except as to those claims that may properly be asserted under Title VII.

All allegations contained in the Complaint not heretofore specifically admitted, modified or denied are hereby generally denied as completely as if separately and specifically denied.

**FIRST DEFENSE**

Plaintiff failed to contact an EEO counselor within 45 days, and plaintiff's Complaint is therefore barred by the applicable statute of limitations.

**SECOND DEFENSE**

Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

WHEREFORE, having fully answered, Defendant respectfully requests the Court to enter a judgment.

a. Dismissing the Complaint against Defendant with prejudice; and

b. Award Defendant such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

____/s_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

\_\_\_/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236