IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA K. FELDER,<br><br> Plaintiff,<br><br>v.<br><br>MIKE JOHANNS,<br>Secretary, Department of Agriculture,<br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-0910 (CKK)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RENEWED RULE 7(h)**
**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendant Mike Johanns hereby files the following renewed statement of material facts as to which defendant contends there is no genuine issue, with references to the part of the record relied on to support the statement. See LCvR 7(h).

1. Marvin Felder, an African American male, was an employee of the Department of Agriculture/Animal and Plant Health Inspection Service ("APHIS") from 1978 through his death in March 2005. See Complaint ("Comp.") at ¶ 6.

2. In July 1999, Mr. Felder and another Department of Agriculture employee, Alester Van Simmons, filed a civil action under Title VII of the Civil Rights Act on 1964, captioned Felder v. Glickman, Civ. A. No. 99-1890 (GK) ("1999 Case"), alleging that they were discriminated against on the basis of race when they were not selected for Foreign Service management vacancies in 1997. Id. at ¶ 7.

3. The 1999 Case was tried to a jury, and the jury returned a verdict in favor of Mr. Felder and Mr. Simmons. See id. at ¶ 8.

4. By Order of February 4, 2002, the District Court awarded Mr. Felder and Mr. Simmons equitable relief, including "instatement to the first opening or vacancy which becomes available in IS." See February 4, 2002 Order at 2 (Exhibit 1).

5. The February 4, 2002 Order did not order a promotion for either plaintiff. See Feb. 4 Order (Exhibit 1); May 11, 2004 Affidavit of Marvin Felder (Exhibit 2).

6. In order to implement the Court Order, counsel for defendant, Assistant U.S. Attorney Marina Utgoff Braswell, and Agency Counsel Ayoka Campbell, and counsel for Plaintiff and Mr. Simmons, Kim Mann, participated in discussions about Plaintiff's and Mr. Simmons' new positions and locations. October 9, 2002 letter from Kim D. Mann to Assistant United States Attorney Marina Utgoff Braswell (Exhibit 3).

7. In his October 9, 2002 letter to Ms. Braswell about implementing the Court Order, Mr. Mann stated that Mr. Felder "had no issues regarding the specific position and location for which he has been selected and assigned, APHIS Area Director, Seoul, Korea, Agriculturalist, FP-401-2 (GS-14 equivalent)." Id. at p.1. Mr. Mann, however, also stated that "We believe each Plaintiff is entitled to in-grade step increases as a matter of law in accordance with the federal regulations governing their positions in IS. They would like an explanation as to the dates on which these in grade step increases affect their promotion potential retirement." Id. at p.3.

8. In response to this letter, Ayoka Campbell wrote an October 31, 2002 email to the Agency's Human Resources Director of Travel and Personnel, Freida Skaggs. October 31, 2002 email from Ayoka Campbell to Freida Skaggs (Exhibit 4). Agency counsel Campbell requested that Ms. Skaggs analyze Mr. Felder and Mr. Simmons with regard to their status in 1997, and track what promotions and within grade increases they would have received if they had entered

APHIS-IS in 1997.  Id.

9. Ms. Skaggs tracked employees who were similar to Plaintiff and Mr. Simmons in grade level and series and who entered APHIS-IS in 1997.  With regards to Mr. Simmons, she determined Mr. Ken Nagata to be a similar employee who occupied the same occupational series as Mr. Simmons, and was only one grade level lower than Mr. Simmons.  October 11, 2007 Deposition of Frieda Skaggs, pp. 43-44 (Exhibit 5); Affidavit of Frieda Skaggs at p. 4 (Exhibit 6).  Mr. Nagata entered APHIS-IS in 1997 at an FP-5 level and received a promotion to an FP-4. Id.  Therefore, following that same career ladder, APHIS-IS Human Resources placed Mr. Simmons into APHIS-IS at an FP-3 level.  Id.  This was a retroactive paper promotion from an FP-4 level.  Id.

10. With regard to Plaintiff, however, there were no equivalent employees with Plaintiff's years of service or series to be used as a comparison that would show an FP-2 grade level promotion to an FP-1 grade level in 1997.  November 29, 2007 deposition of John Wyss, pp.27-28 (Exhibit 7); Affidavit of John Wyss at p. 3 (Exhibit 8).

11. On December 19, 2002, Dr. John H. Wyss, former Assistant Deputy Administrator of APHIS IS, wrote a letter to Mr. Felder in which he assigned him to the position of APHIS Area Director, Seoul, Korea, at the FP-2 (GS-14) grade equivalent, and requested Mr. Felder's acceptance of the assignment.  December 19, 2002 letter from John H. Wyss to Marvin Felder (Exhibit 9).

12. Dr. Wyss sent a second written notice to Mr. Felder on January 15, 2003, again stating that the Agency had selected Plaintiff to fill the position of APHIS Area Director, Seoul, Korea at an FP-2, step 9 grade level.   January 15, 2003 letter from John H. Wyss to Marvin

Felder (Exhibit 10). Further, Dr. Wyss included the base salary of the position in the letter, and again requested plaintiff's acceptance of the assignment. Id.

13. In other words, pursuant to the February 4, 2002 Order, in January 2003 the agency assigned Mr. Felder to the position of APHIS area director in Seoul, South Korea. Id. Mr. Felder's position was classified as an agriculturalist, FP 401-2, equivalent to a GS-14 in the civil service. See id. Through the assignment, Mr. Felder was converted into the Foreign Service at the FP-2 level. See id.

14. Mr. Felder, through counsel, raised issues concerning his FP level in a letter dated January 31, 2003. See January 31, 2003 letter from Kim Mann to Assistant United States Attorney Marina Utgoff Braswell (Exhibit 11). The January 31 letter from Mr. Mann to AUSA Braswell characterized Mr. Felder's FP level as one among a "'checklist' of unconcluded items" that was part of concluding the process of transferring Mr. Felder to IS. Id.

15. On February 27, 2003, Dr. Wyss sent a letter to Mr. Simmons explaining that Mr. Simmons was selected to fill the position of Officer-in-Charge, Kingston, Jamaica, FP-3, Step 6 (GS-13 equivalent). February 27, 2003 letter from John H. Wyss to Alester V. Simmons (Exhibit 12). Mr. Simmons was selected to fill the position of Plant Protection and Quarantine Officer in Charge, in Kingston, Jamaica. Id. Mr. Simmons' position was classified as a Plant Protection and Quarantine Officer, FP-463-3 (GS-13 equivalent). Id. Through the assignment, Mr. Simmons was converted into the Foreign Service at the FP-3 level.

16. To comply with Judge Kessler's equitable relief Order, the agency had to determine what FP level the two plaintiffs would likely be occupying in 2003 had they been selected back in 1997. Affidavit of John Wyss ("Wyss Aff") at 3 (Exhibit 8); November 29, 2007 deposition

of John Wyss, pp. 31-32 (Exhibit 13). Mr. Felder and Mr. Simmons were at different GS levels at the time they applied for the positions that were the subject of the 1997 lawsuit, and thus were on the selection rosters at different levels. Affidavit of Freida Skaggs ("Skaggs Aff.") at 3-4 (Exhibit 6).

    17. At the time Mr. Simmons applied for the 1997 position that was the subject of the 1999 lawsuit, he was on the FS-436-4 (GS-12) roster. See Skaggs Aff. at 4 (Exhibit 6). Since a comparitor to Mr. Simmons received a promotion through the Foreign Service Board Process in the ensuing 5 year period, the agency concluded that Mr. Simmons had to be brought in at the FP-3 level. See Skaggs Aff. at 4 (Exhibit 6), Wyss Aff. at 3 (Exhibit 8).

    18. Mr. Felder was on the FS-436-3 (GS-13) level roster when he applied to the Foreign Service in 1997. Skaggs Aff. at 4 (Exhibit 6). Since 1994, APHIS had operated under an internal policy of bringing individuals into the Foreign Service career system at a level no higher than the FP-3 (GS-13) level. Skaggs Aff. at 2 (Exhibit 6). Despite this internal policy, the determination was made to bring Mr. Felder into the system at the FP-2 level, one level higher that the typical entry level. Skaggs Aff, at 2-3 (Exhibit 6); see also Campbell Lett. at 2 (Exhibit 14).

    19. The agency determined that a person first entering onto duty in the Foreign Service in 1997 at the FP-2 level would not likely have obtained an FP-1 position by 2002. See Affidavit of Nicholas Gutierrez ("Gutierrez Aff.") at 4 (Exhibit 15); Skaggs Aff. at 3-8; (Exhibit 6) Wyss Aff. at 3 (Exhibit 8); Campbell Lett at 2 (Exhibit 14). Those individuals who did receive promotions from the FP-2 to the FP-1 level between 1997 and 2003 had greater than the five years of foreign service experience that Mr. Felder would be credited with (presuming service by

Felder from 1997 to 2002). Wyss Aff. at 3-5 (Exhibit 8) (going through each of the alleged comparitors and providing information as to their length of service). At the time, when making promotion determinations, Foreign Service employees were grouped by occupational series and competed against persons in their series for promotions. See Skaggs Aff. at 5 (Exhibit 6); October 11, 2007 Deposition of Frieda Skaggs at pp. 36-38 (Exhibit 16).

20. Very few employees are promoted from the FP-2 to the FP-1 level each year. In 1997 there were three promotions from the FP-2 to FP-1 level out of a total of 23 employees; one out of 17 in 1998; three out of 19 in 1999; three out of 18 in 2002 and three out of 22 in 2003. See Skaggs Dec. at 5-8 (Exhibit 6).

21. On April 14, 2003, Mr. Mann wrote Ms. Ayoka Campbell a letter in which he explains the hurdles to Mr. Felder accepting his assigned position. April 14, 2003 letter from Kim D. Mann to Ayoka A. Campbell (Exhibit 17). According to Mann, Mr. Felder "feels very strongly that he is entitled to a within-grade for the year 2002, placing him at the FP-2, Step 10 level upon his acceptance to IS." Id. at p.1. Mann claims that assuming Mr. Felder was promoted as late as Mr. Simmons in February 2001, Mr. Felder should have received an annual within grade step increase. Id. at p.2.

22. On April 22, 2003, Mr. Felder wrote an email directly to Ms. Ayoka Campbell in which he gave Ms. Campbell a list of demands before agreeing to finalize his assignment. See email dated April 22, 2003 (Exhibit 18). His second demand in that email was to receive an FP-1 grade level upon entry to APHIS IS. Id.

23. Ms. Campbell sent Mr. Mann a letter on May 9, 2003 requesting that both Mr. Felder and Mr. Simmons accept or deny the offered positions at APHIS-IS. May 9, 2003 letter from

Ayoka Campbell to Kim Mann (Exhibit 14).  In this letter, Ms. Campbell acknowledged Mr. Felder's demand that he receive an FP-1 grade level upon entry. Id.  Ms. Campbell clearly stated that Mr. Felder would be instated at the FP-2 grade level, and would not be given a promotion to the FP-1 grade level.  Id.

      24. In a May 19, 2003 letter to Ayoka Campbell, Mr. Mann stated, "In response to the Agency's ultimatum given Messrs. Felder and Simmons in your letter dated May 9, 2003, I have been authorized by my clients to express their acceptance of the offers of employment in International Services."  May 19, 2003 letter from Kim Mann to Ayoka Campbell (Exhibit 19).  In this letter Mr. Mann said that his clients did not waive their right to review their SF-50 forms to ensure that they reflect the FP positions outlined in Ms. Campbell's letter dated May 9, 2003. Id.

      25. Finally, in a June 4, 2003 e-mail to Ms. Braswell, Kim Mann stated, "After some back and forth, Messrs. Felder and Simmons did accept positions in IS unequivocally.  They are not particularly satisfied with their FP- and grade levels and, in Mr. Simmons's case, the promotion potential of the position, but decided to accept the offers.  Mr. Felder will continue to seek a meeting with the head of IS to discuss his future in IS."  June 4, 2003 e-mail from Kim Mann to Marina Braswell (Exhibit 20).

26. Plaintiff contacted an EEO counselor on November 4, 2003.  See Comp. at ¶ 15.

        Respectfully submitted,

        \_\_\_/s\_/_____
        JEFFREY A. TAYLOR, D.C. BAR #498610
        United States Attorney


        \_\_/s/_____
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney


        \_\_/s/_____
        ALEXANDER D. SHOAIBI,
        Assistant United States Attorney
        501 Third Street, N.W., Rm E-4218
        Washington, D.C.  20530
        (202) 514-7236