**Exhibit V**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARBARA FELDER, as Personal Representative of the estate of Marvin Felder, deceased ) ) ) | |
| Plaintiff, ) | ) C.A. No. 06-910 CKK |
| ) | |
| MIKE JOHANNS, ) Secretary of the United States ) Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORIES (SET ONE)

INTERROGATORY NO. 1 – Identify each person or persons in USDA/APHIS who, to your knowledge or belief, prepared the attached document, styled "SALARY BREAKDOWN FOR MR. MARVIN FELDER," Attachment A hereto, and state the date or dates of its preparation.

**RESPONSE:** The Agency cannot identify the specific HR specialist who prepared the documents. However, the Agency believes to the best of its knowledge that Ms. Beverley Barber, Supervisory Human Resources Specialist and Ms. Tracy Cohen, Human Resources Specialist at APHIS IS prepared the salary breakdown for Mr. Marvin Felder at or about the time of March 2005. If the Agency finds any information to verify the exact date and exact specialist that prepared the document, the Agency will supplement that information.

**INTERROGATORY NO. 2** – Identify all persons in USDA/APHIS known to you as having the knowledge, expertise, and training to provide the type of information set forth in <u>Attachment A</u> as to Mr. Felder.

**RESPONSE:** The Agency objects to this interrogatory as vague and irrelevant. The Agency provided Plaintiff with HR specialists to calculate salary information for Plaintiff. It is irrelevant to identify other HR specialists who have the training and knowledge to provide similar information.

**INTERROGATORY NO. 3** – State whether the Salary Breakdown dates and salaries with respect to Mr. Felder, as listed on the <u>Attachment A</u>, accurately reflect how IS arrived at and treated Mr. Felder's grade or FP-level or class and step progression from the date of his retroactive instatement in IS, February 14, 1997, to the date of his reporting to duty in IS, on or about January 5, 2004.

**RESPONSE:** The Agency objects to this interrogatory as vague. Attachment A does not show how IS "arrive at and treated" Mr. Felder's progression after his instatement. The chart accurately shows his salary from 1997 until January 9, 2005.

**INTERROGATORY NO. 4** – Assuming Mr. Felder had received a paper promotion, effective November 18, 2001, from his then current position in IS as an FP-2, Step 10 to a FP-1 at the appropriate step, state all the step increases with salaries and salary adjustments he would have received up to the date of his death on March 10, 2005 had he been promoted to the FP-1 position on or about November 18, 2001, and the dates of those increases and adjustments.

**RESPONSE:** See Attachment 1.

**INTERROGATORY NO. 5** – Based upon the same promotion assumption described in

Interrogatory No. 4 above, state the difference in the total amount of salary Mr. Felder

would have received up to the date of his death had he been promoted to an FP-1 on

November 18, 2001 and the total amount of salary he did receive from IS during that

same time frame.

**RESPONSE:** Defendant objects to this interrogatory as vague because it is not clear if

Plaintiff wants a sum of all salary received, or a comparison of salary received by year.

Notwithstanding this objection, See Attachment 1 and 2. Attachment 1 shows Mr.

Felder's salary levels if he had been promotion to an FP-1 on 11/18/01. Attachment 2

shows his salary level remaining an FP-2. Plaintiff can compare the salary levels from

these two charts.

**INTERROGATORY NO. 6** – Assuming Mr. Felder's entitlement to the salary

difference stated in answer to Interrogatory No. 4, state the total amount of interest to

which Mr. Felder would have been entitled to under government regulations applicable to

IS employees on the unpaid difference in salary stated in answer to Interrogatory No. 5

from the date of his assumed paper promotion, November 18, 2001, to (a) the date of his

death, March 10, 2005 and (b) the date this Interrogatory answer is prepared.

**RESPONSE:** Defendant objects to this interrogatory as speculative at this time.

Payment of interest is at the discretion of the Agency or by a Court Order. The payment

of interest is completed by another Federal entity, the National Finance Center, and is

calculated based on a signed settlement agreement or a Court Order.

**INTERROGATORY NO. 7** – The letter, dated March 29, 2005, to USDA legal

representative, Mr. Rene Romain, <u>Attachment B</u> hereto, contains nine numbered

assumptions regarding Mr. Felder's salary, grade (class), and steps, including the proposition, stated as an assumption, that IS promoted Mr. Felder to an FP-1 position on November 18, 2001. Accepting as correct assumption No. 5, the proposition that Mr. Felder was promoted on November 18, 2001, state whether the remaining numbered assumptions in the attached letter of March 29, 2005 to Mr. Romain are also correct.

**RESPONSE:** The Agency objects to this interrogatory as speculative and hypothetical. Notwithstanding this objection, the remaining numbered assumptions are not completely correct.

**INTERROGATORY NO. 8** – If your answer to Interrogatory No. 7 above is "no" or you disagree with any of the numbered assumptions in <u>Attachment B</u> in whole or in part (except No. 5). Identify those assumptions witch which you disagree and describe why you disagree, explaining in what respect they are incorrect.

**RESPONSE:** The following mistakes were verified by the Human Resources Specialist at APHIS-IS:

Assumption No. 5.   Step 3 at $89,406  (change from $84,564) but the end salary is correct.

Assumption No. 7.  FP 1/7 at a base salary of $101,662 (change from $104, 407) but the end salary is correct.

The remaining assumptions are correct.

**INTERROGATORY NO. 9** – Assuming Mr. Felder was entitled to be promoted to an FP-1 on November 18, 2001, identify the specific death benefits Mrs. Felder did receive that would be altered by such a promotion on that date and the dollar amount of each such altered benefit she would be entitled to receive.

**RESPONSE:** The Agency objects to this interrogatory as speculative. Notwithstanding this objection, Mrs. Felder's death benefits would be altered by promotion in the following ways:

A. Unpaid Compensation (salary and lump sum annual leave payment)

B. Life Insurance

C. Retirement annuity, inclusive of the high-three salary

Any increase and or decrease in monetary compensation require the Agency to request a revision of tax withholdings. The Agency is unable to provide the dollar amount for unpaid compensation because it is computed by another Federal Entity, the National Finance Center and calculated based on a signed settlement agreement. The Agency is also not able to provide the additional dollar amount for life insurance benefit(s) as this is calculated by the Federal Employees Group Life Insurance company based on a revised SF-2821, Agency Certification of Insurance Status, submitted by the Agency. See Attachment 3 for relevant dollar amounts of retirement annuity payments.

## INTERROGATORIES (SET TWO)

**INTERROGATORY NO. 1** – Identify all persons involved in determining or assessing whether IS had any employees whose promotion status, experience, or history within IS could be used as a basis or guide, in whole or part, for promoting Mr Felder from the FP-2 position to which he was instated, retroactive to February 14, 1997, between that retroactive instatement data and the date he reported to the IS for duty, on or about January 5, 2004, and describe the extent of their involvement.

**RESPONSE:** The Agency objects to this request on the basis of attorney-client privilege because the information requested involves discussions between the Office of the

General Counsel and the Agency during the implementation of a court order. However,

notwithstanding this objection, the Agency's Deputy Director of IS Management Policy

and Services, Frieda Skaggs and former IS Associate Administrator, Dr. John Wyss

compiled a chart attached hereto as Attachment 4, which provided information about the

career ladders of all IS employees' Foreign Service Promotions from FP-2 to FP-1 by

year. This chart shows that Mr. Felder did not have a comparator that would justify his

retroactive promotion to an FP-2 to an FP-1. Based on privileged communication with

its counsel and the information in Attachment 1, the Agency did not retroactively

promote Mr. Felder.

**INTERROGATORY NO. 2** – In connection with those persons identified in answer to

Interrogatory No. 1 as involved in that assessment or determination, identify the person

or persons who provided them their instructions for this task, describe precisely those

instructions, and state the dates their involvement in that determination or assessment

began and ended.

**RESPONSE:** The Agency objects to this interrogatory on the basis of attorney client

privilege. Ayoka Campbell, an attorney at the Office of the General Counsel and Marina

Braswell, at the U.S. Attorney's Office worked with the identified individuals in

Interrogatory No. 1. However their conversations are protected by attorney client

privilege.

**INTERROGATORY NO. 3** – With respect to each such person identified in answer to

Interrogatory No. 1 as involved in that assessment or determination, state in detail his or

her conclusions regarding the relevance of the promotion status or promotion history of

other IS employees to the promotability of Mr. Felder to a FP-1 before he reported for

duty to IS on or about January 5, 2004. If any of those conclusions, assessment, determination, findings, or results of their research were reduced to written and/or electronic form, please identify those documents and or communications and the person or persons with custody of those documents and/or communications.

**RESPONSE:**  The Defendant objects to this interrogatory on the basis of attorney client privilege.  Notwithstanding this objection, see response to Interrogatory No. 1.  See also Attachments 10 and 11.

**INTERROGATORY NO. 4** - Provide the dates on which the following IS employees or fomer IS employees were promoted from FP-3s to FP-2s and from FP-2s to FP-1s: Robert Tanaka, Dale Maki, Karent Sliter, Elba Quintero, Cheryl French, Eric Hoffman, James Mackley, D. Bailey, S. Smith, G. Tween, Nick Gutierrez, John Nichols, Carl Castelton, Peter Fernandez, Eloisa Jones, Elia Vanechanos, Carolyn . Cohen, T. Ashley, G. Germaine, D. Hannapel, J. Shaw, J. Stewart, Mark Knez, Arthur Flores, Ramon Ochoa, John Spencer, Gary Timmons, Donald Wimmer, T. Andre, J. Lorenzo, T. Schissel, Helena Gomez, Paul Kaiser, Theresa Hohlfield, Walter Rice, and Thomas Billak.

**RESPONSE:**

Defendant objects to this interrogatory as irrelevant because these employees are not Plaintiff's comparators, and all promotions are based on recommendations by the Selection Board in accordance with Section 602 of the Foreign Service Act of 1980. Notwithstanding this objection:

Robert Tanaka:  1998 FP-3 to FP-2; 2003 FP-2 to FP-1 (series 701)
Dale Maki:  1993 FP 4 to FP-3; 2001 FP-2 to FP-1 (series 414)
Karen Sliter:  1999 FP-3 to FP-2; 2002 FP-2 to FP-1 (series 701)
Elba Quintero:  1998 FP-3 to FP-2; 2001 FP-2 to FP-1 (series 414)

Cheryl French: 1998 FP-3 to FP-2; 2002 FP-2 to FP-1 (series 701)
Eric Hoffman: 2002 FP-2 to FP-1 (series 701)
James Mackley: 1993 FP-3 to FP-2; 2001 FP-2 to FP-1 (series 401)
D. Bailey: 1994 FP 3 to FP-2 (series 414)
S. Smith: 1983 entered FS as an FP-3; 1988 FP-3 to FP-2 (series 701)
G. Tween: 1995 FP-3 to FP-2; 2001 FP 2 to FP-1 (series 401)
Nick Gutierrez: 1990 FP-3 to FP-2; 1998 FP-2 to FP-1 (series 401)
John Nichols: 1993 FP-3 to FP-2; 1997 FP-2 to FP-1 (series 341)
Carl Castleton: 1995 FP 3 to FP-2; 1997 FP-2 to FP-1 (series 436)
Peter Fernandez: 1993 FP-3 to FP-2; 1997 FP 2 to FP-1 (series 701)
Eloisa Jones: 2002 FP-3 to FP-2 (series 701)
Elia Vanechanos: 2002 FP-3 to FP-2; 2006 FP-2 to FP-1 (series 401)
Carolyn J. Cohen: 2001 FP-3 to FP-2; 2005 FP-2 to FP-1 (series 401)
T. Ashley: 2000 FP-3 to FP-2 (series 414)
G. Germaine: 2000 FP-3 to FP-2 (series 341)
D. Hannapel: 2000 FP-3 to FP-2; 2003 FP-2 to FP-1 (series 401)
J. Shaw: 2000 FP-3 to FP-2; 2006 FP-2 to FP-1 (series 701)
J. Stewart: 1999 FP-3 to FP-2 (series 436)
Mark Knez: 1997 FP-3 to FP-2 (series 401)
Arthur Flores: 2001 FP-4 to FP-3; retired 2003 (series 436)
Ramon Ochoa: 2001 FP-4 to FP-3 (series 436)
John Spencer: 2001 FP-4 to FP-3, 2004 FP-3 to FP-2 (series 414)
Gary Timmons: 2001 FP-4 to FP-3 (series 436)
Donald Wimmer: 2001 FP-4 to FP-3 (series 401)
T. Andre: 2001 FP-4 to FP-3(series 436)
J. Lorenzo: 2000 FP-4 to FP-3 (series 341)
T. Schissel: 2000 FP-4 to FP-3; 2006 FP-3 to FP-2 (series 401)
Helena Gomez: 1999 FP-4 to FP-3; 2005 FP-3 to FP-2 (series 436)
Paul Kaiser: 1998 FP 4 to 3 returned to civil service January 2001 (series 414)
Theresal Boyle (Hohlfield): 2000 FP-3 to FP-2 (series 701)
Walter Rice: 1994 FP 4 to FP-3 (series 341) retired September 2000
Thomas Billak: 1997 FP-4 to FP-3 (series 436)

See Attachment 4, Analysis of FP-2 to FP-1 Foreign Service Promotions.

Legend for Series:
341 = Administrative Officer
436 = Plant Protection Quarantine Officer
701 = Veterinary Medical Officer
414 = Entomologist
401 = Agriculturalist


**INTERROGATORY NO. 5** – With respect to each employee listed in Interrogatory No.

4 above, explain each reason why you believe the listed employee's promotion to FP-1

should or should not have been relevant to whether IS could have promoted Mr. Felder to

an FP-1 prior to his IS report date, on or about January 5, 2004.

**RESPONSE:** Mr. Felder was in the 436 series, Plant Protection Quarantine Officer.

The Selection Board reviews employees for promotional opportunities based on the last

five years of the employees' performance appraisals and by series. The following are the

reasons why the above listed employees in interrogatory no. 4 are not relevant

comparators to Mr. Felder:

1) The following employees were/are in the **414 series, Entomologist**, and could not be
compared to the 436, Plant Protection and Quarantine Officer (PPQ Officer):

Tom Ashley
Dale Maki
James Mackley
Elba Quintero
Dr. Donald Bailey


2) The below employees were/are in the **436 series, PPQ Officer**, and all employees had
been with APHIS-FS since the 1980s.

Nicholas Gutierrez
Carl Castleton
Gordon Tween
Gary Greene
Dennis Hannapel

3) The following employees were/are in **701 series, Veterinary Medical Officer**, and
could not be compared to the 436 series:

Dr. Robert Tanaka - took a downgrade to enter the IS Foreign Service
Dr. Peter Fernandez
Dr. Steve Smith
Dr. Karen Sliter – took a downgrade to enter the IS Foreign Service
Dr. Cheryl French
Dr. Eric Hoffman
Dr. Eloisa Jones
Dr. John Shaw
Dr. Theresa Boyle (Hohlfield)

4) The following employees were in the **341 series, Administrative Officer**:

Mr. John Nichols – retired in 2001 with over 38 years service.
Mr. Walter Rice
Glenn Germaine

5) The following employees were in the **401 series, Agriculturalist**:

Gordon Tween
Nicholas Gutierrez
Elia Vanechanos
Carolyn J. Cohen
J. Stewart
Mark Knez
Ramon Ochoa
Gary Timmons
Donald Wimmer
T. Andre
T. Schissel

**INTERROGATORY NO. 6** – Identify all IS employees or former IS employees who were promoted to an FP-1 after February 14, 1997 and before January 1, 2004 whose promotion status or history was weighed or considered in that assessment or determination process by any persons identified in answer to Interrogatory No. 1

**RESPONSE:** Defendant objects to this interrogatory as vague and unclear. Notwithstanding this objection, Promotions are based on recommendations by the Selection Board in accordance with Section 602 of the Foreign Service Act of 1980. The employees considered by APHIS-IS in determining whether Mr. Felder should receive a retroactive promotion are listed in Attachment 4.

**INTERROGATORY NO. 7** – State all non-race based factors that IS considered during the period between February 1997 and January 2004 in deciding whether to promote an IS employee (a) from an FP-3 to an FP-2 and (b) from an FP-2 to an FP-1.

**RESPONSE:**  The Defendant objects to this interrogatory because it assumes that race based factors are considered in promotions at APHIS-IS.  Promotions are based on recommendations by the Selection Board in accordance with Section 602 of the Foreign Service Act of 1980 and the Foreign Service Intermediate Selection Board Precepts.  See Attachments 5 and 6.

**INTERROGATORY NO. 8** – Identify all documents setting forth IS's policy or standards in effect between February 1997 and January 2004, for promoting FP-employees that were applicable to FP-2 and FP-3 employees of IS.

**RESPONSE:**  See Attachments 5 and 6.

**INTERROGATORY NO. 9** – State all the reasons and factors that IS relied upon in deciding to promote Mr. Alester Van Simmons, but not Mr. Marvin Felder, between their retroactive instatement dates in IS, February 14, 1997, and the dates they actually reported to duty in IS.

**RESPONSE:**  Both Mr. Simmons and Mr. Felder were instated retroactively to February 14, 1997 as a result of an earlier lawsuit in which both were plaintiffs.  The class level, salary, and conditions they received in 2003 and 2004 were determined by extrapolating what would have happened if they entered the APHIS-IS FS in 1997.  This extrapolation took into consideration all standard increases and the probability of promotions.  Mr. Simmons' case was based on a comparative employee, Mr. Ken Nagata who entered the APHIS-IS FS in 1997.  Mr. Nagata came in at an FP-5, less than an FP-4, and was promoted to an FP-4.  In Mr. Felder's case there were no equivalent employees to be used for comparison.  In addition, it is normally much easier to come in as FP-4 and get

promoted to an FP-3 than it would to come in at an FP-3 and get promoted to an FP-2 and then to an FP-1.

**INTERROGATORY NO. 10** – Identify all persons who made the decision or were involved in making the decision to promote Mr. Simmons and the decision not to promote Mr. Felder prior to the dates they reported to duty in IS.

**RESPONSE:** Ayoka Campbell, agency representative, USDA Office of the General Counsel; Marina Braswell, Assistant U.S. Attorney; Kim Mann, Attorney for Mr. Felder; Freida Skaggs, Agency's Deputy Director of IS Management Policy and Services; and Dr. John Wyss, former IS Associate Administrator.

**INTERROGATORY NO. 11** – State all facts supporting your contention, set forth in numbered paragraph 24 in Defendant's Answer to the First Amended Complaint, that Defendant did not subject Mr. Felder to disparate treatment in refusing to promote him from an FP-2 to an FP-1 while promoting Mr. Simmons from an FP-4 to an FP-3.

**RESPONSE:** Based on the analysis of employees in Attachment 4, the Agency did not find a comparator similar to Mr. Felder to justify a retroactive promotion from an FP-2 to an FP-1. Mr. Simmons, who was not the same grade as Mr. Felder, did have a comparator that would justify a retroactive promotion from an FP-4 to an FP-3. Defendant did not treat the employees differently because their grade levels were not similar. It is much more difficult to receive a promotion from an FP-2 to an FP-1 in the Foreign Service than from an FP-4 to an FP-3.

**INTERROGATORY NO. 12** – State all the facts supporting your contention, set forth in numbered paragraph 29 of Defendant's Answer to the First Amended Complaint, that Defendant did not retaliate against Mr. Felder, for filing and pursuing through the courts

racial discrimination charged against APHIS, by refusing to promote Mr. Felder from an

FP-2 to an FP-1 while promoting Mr. Simmons from an FP-4 to an FP-3.

**RESPONSE:** Defendant did not retaliate against Mr. Felder for filing and pursuing

through the courts racial discrimination charged against APHIS because:

1) The Agency had a legitimate non-discriminatory reason for not retroactively

   promoting Mr. Felder to an FP-1 grade level. The Agency did an analysis of

   employees and did not find an appropriate comparator to justify this type of

   promotion.

2) There is no evidence of pretext. The Attorneys in this case discussed and

   recommended that Mr. Felder not receive a retroactive promotion. The Agency

   officials involved in the original EEO complaint did not have a role in

   determining the retroactive promotion.

**INTERROGATORY NO. 13 –** State whether you contend FP-2 employees not assigned

to the 401 job series were ineligible for promotion to FP-1 positions or vacancies in the

401 job series between February 1997 and January 2004 and, if so, the basis or bases for

such contentions.

**RESPONSE:** The Agency does not contend that FP-2 employees to the 401 job series

were ineligible for promotion to FP-1 positions or vacancies in the 401 job series

between February 1997 and January 2004.

**INTERROGATORY NO. 14 –** If your answer to Interrogatory No. 13 is "yes," identify

all IS policies, directives, and memoranda setting forth those policies, directives, or

memoranda prohibiting promotions into a 401 series vacancy or position

**RESPONSE:** The Answer to Interrogatory No. 13 is no.

## VERIFICATION FOR DISCOVERY RESPONSES
### Felder v. USDA

I, Neha Hewitt, declare under penalty of perjury under the laws of the United States that the foregoing Defendant's responses to Plaintiff's Interrogatories, are true and correct based upon my knowledge, information and belief and based upon information provided by present employees of the Animal and Plaint Health Inspection Service and records maintained by the Agency.

_____                    _____
Neha N. Hewitt                                        Date   8/29/07

Respectfully submitted,

_/s/_ _____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_/s/_ _____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_/s/_ _____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA FELDER, as Personal Representative of the estate of Marvin Felder, deceased | ) ) ) |
| Plaintiff, | ) C.A. No. 06-910 CKK ) |
| MIKE JOHANNS,<br>Secretary of the United States<br>Department of Agriculture, | ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1** – All documents relied upon in answering Plaintiff's First Amended Complaint.

**RESPONSE:** Report of Investigation. Plaintiff should already have a copy of this file.

**DOCUMENT REQUEST NO. 2** – All documents relied upon in answering and/or identified in your answers to Plaintiff's two sets of Interrogatories dated July 13, 2007.

**RESPONSE:** See Attachments 1-14.

**DOCUMENT REQUEST NO. 3** – All documents related to any and all communications, or referring to those communications, between or among Defendant, his staff, agents, employees, managers, and representatives, including the staff, agents, employees, managers, and representatives of Defendant's agencies and units, regarding the promotions or promotion potential of Alester Van Simmons and Marvin Felder, including all instructions to those engaged in evaluating the basis or bases for their promotions

**RESPONSE:** See ROI and Attachments 1-14. If the Agency finds any more documents responsive to this request, it will supplement this response.

**DOCUMENT REQUEST NO. 4** – All documents relating to, discussing, or analyzing the promotions or promotion potential from FP-2 to FP-1 of each of the IS employees or former IS employees listed in Interrogatory No. 4 of Plaintiff's Interrogatories, dated July 13, 2007, examining the bases for failing to promote Mr. Felder.

**RESPONSE:** See Attachment 4. Also, Attachment 5-14 relate to this decision.

**DOCUMENT REQUEST NO. 5** – All documents issued or prepared since February 4, 2002 relating to or discussing the conditions of employment for instating Mr. Felder in IS

**RESPONSE:** See Attachments 10 and 11.

**DOCUMENT REQUEST NO. 6** – All documents used to prepare Appendix A, "Salary Breakdown for Mr. Marvin Felder," attached to Plaintiff's Interrogatories, dated July 13, 2007, examining the calculation of damages in the event Defendant is found legally responsible for the failure to promote Mr. Felder from an FP-2 to an FP-1 as alleged in the Plaintiff's First Amended Complaint.

**RESPONSE:** At this time the Agency does not recall the specific documents used to prepare Appendix A. If any information is found relevant to this request, the Agency will supplement this answer.

**DOCUMENT REQUEST NO. 7** – All regulations, policies, standards, memoranda, and directives, applicable to the period February 1997 through January 2004, setting forth the criteria and factors to be considered by IS when promoting an IS employee from an FP-3 to an FP-2 and from an FP-2 to an FP-1.

**RESPONSE:** See Attachment 5 and 6.

**DOCUMENT REQUEST NO. 8** – All regulations, directives, policies, memoranda, and other documents addressing or discussing any job series limitations or restrictions upon the ability or willingness of IS, during the period 1997 through January 2004, to promote an IS employee or prospective IS employee into a position or vacancy within IS assigned to or designated as the 401 job series.

**RESPONSE:** Scc Attachments 5 and 6.

Respectfully submitted,

/s /
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C. 20530
(202) 514-7236

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the attached responses to plaintiff's two sets of interrogatories and request for production of documents were mailed by Federal Express in this 29th day of August 2007 to:

Kim Mann
Scopelitis, Garvin, Light & Hanson
1850 M Street, NW
Suite 280
Washington, DC 20036-5804

ALEXANDER D. SHOAIBI
Assistant United States Attorney
Civil Division, Room E-4218
555 4th Street, N.W.
Washington, D.C. 20001
(202)514-7236